C. H. MACE, Respondent, v. SAMUEL VENDIG, Appellant.

| 23 253
|153s 638

### Kansas City Court of Appeals, November 8, 1886.

MONEY BET ON ELECTION—ACTION TO RECOVER—PLEADING—SUFFICIENCY OF PETITION.—In an action to recover money bet on an election, under section 5720, Revised Statutes, the petition averred that in October, 1884, defendant induced plaintiff to bet one hundred dollars on the result of an election held in November, 1884, under the constitution and laws of this state, for the office of representative in the general assembly of the state of Missouri; that said one hundred dollars was staked against a like sum, and after said election defendant claimed to have won said one hundred dollars, and the same was delivered to and received by defendant, without any consideration or value to plaintiff. *Held,* that as no objection was made to this petition except by motion in arrest of judgment, it was sufficient, although not as specific as it should be, and objection made in time, on this ground, might have been sustained. The petition, though defective, is good after verdict. *Sybert v. Jones,* 19 Mo. 87, *distinguished.*

APPEAL from Cedar Circuit Court, HON. CHARLES G. BURTON, Judge.

*Affirmed.*

BULLER & LAY, for the appellant.

In a suit to recover a wager on an election, the petition must state the particulars of the transaction. *Sybert v. Jones,* 19 Mo. 86. The petition in this case does not state any of the particulars. It does not state

whether the bet was that Fox would be elected or defeated, and if so to what office. Neither is the matter at all elucidated by the evidence. The motion for new trial, and in arrest, ought to have been sustained.

No brief for the respondent.

ELLISON, J:—This action is to recover money bet on an election. The plaintiff recovered in the court below, and defendant appeals. No instructions were offerred on either side. Nor was there any objection to testimony. The point is made that the petition fails to state a cause of action, and that the evidence is not sufficient to support the finding of the court.

The petition is as follows : " Plaintiff states that the defendant, on or about the —— day of October, 1884, induced plaintiff to bet and wager one hundred dollars on the result of an election to be held, and was held, on the fourth day of November, 1884, under the constitution and laws of the state, to-wit: for the office of representative of Cedar county, Missouri, and upon Thomas A. Fox, who was then and there a candidate for the office of representative of the general assembly of the state of Missouri, and against Clement N. Jourdan, who was also a candidate for said office. That said one hundred dollars was then and there staked against a like sum, and after said election the said Samuel Vendig claimed to have won said one hundred dollars, and the same was on the —— day of October, 1884, delivered to the said defendant, and that he received the same without any consideration or value to the plaintiff. Wherefore he prays judgment for said sum against said defendant and for costs."

As no objection was made to this petition except by motion in arrest of the judgment we are inclined to hold it sufficient. It is not so specific as it should be and had objection been made by plaintiff in time, he would doubtless have been sustained. In the case of *Sybert v.*

*Jones* (19 Mo. 87), objection was made to evidence being received under the answer. Here the question is whether the petition, though defective, is good after verdict, and we think it is.

The evidence we deem sufficient to sustain the finding, and, therefore, affirm the judgment. All concur.