C. C. CROOKS, Respondent, v. JOHN T. McMAHON, Appellant.

**Kansas City Court of Appeals, February 8, 1892.**

**Action : GAMING : LOSER v. WINNER.** When A, B and C engage in a game of poker and B wins A's money, and afterwards in the same game, all three remaining in the game, C wins it from B, A can recover from C, and his action does not have to be against B, the party to whom his money first passed.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*R. T. Railey* with *Scott & Hoss*, for appellant.

(1) The petition charges that defendant won the money in a game of draw poker from plaintiff. The facts set forth in said instruction, numbered 2, tended to show that defendant did not win anything from plaintiff. If this be true—and it must be so considered, as

the evidence tends to show it, and the court refused said instruction—then the court committed reversible error in refusing said instruction and finding for plaintiff under the petition in the cause. (2) As the petition is predicated upon the idea that defendant played poker with plaintiff and won the property in controversy from him in said game, he must recover, if at all, by showing these facts to be true. If the facts set forth in said instruction, numbered 2, are true then there is a total failure of proof under the petition, and plaintiff is not entitled to recover. (3) Even if plaintiff could have shown that defendant won the checks from Clinton, and that the latter had won them from plaintiff, yet this is not an action in which it is attempted to follow the property as trust funds into defendant's hands, but it is a direct action on the case by plaintiff to recover of defendant money alleged to have been won by him directly from plaintiff. "A party cannot sue upon one cause of action and recover upon another." Said instruction, numbered 2, should, therefore, have been given. *Waldhier v. Railroad*, 71 Mo. 514; *Current v. Railroad*, 86 Mo. 66; *Bird v. Railroad*, 30 Mo. App. 365.

*January & Lindley*, for respondent.

(1) The statute gives plaintiff a right of action. R. S. 1889, sec. 5209; *Latham v. Agnew*, 70 Mo. 48. (2) Instruction, numbered 2, asked by defendant was erroneous and properly refused by the trial court. *Latham v. Agnew, supra.*

ELLISON, J.—This action is based on section 5209, Revised Statutes, 1889, to recover money lost on a game of poker. The statute reads that "Any person who shall lose any money or property at any game or gambling device may recover the same by civil action."

Plaintiff, one Clinton and defendant were engaged in the game and plaintiff lost several checks on a bank

as well as some money, the aggregate being over $400. The checks were cashed by defendant the next day after winning them. The court refused an instruction, stating in effect that if the defendant did not win from plaintiff but won from Clinton, after Clinton won from plaintiff that plaintiff could not recover.

The case presents this question: When A, B and C engage in a game of poker and B wins A's money, and afterwards, in same game, all three remaining in the game, C wins it from B, can A recover from C, or is his action against B, the party to whom his money first passed?

Our conclusion is that he may maintain the action against C. It must be presumed that when the parties entered into the game, they understood that the money bet would change back and forth from one to the other, and that he who finally came out loser would be the loser at the hands of him who came out winner. The money finally lost by the loser is in the hands of those who are winners at the close of the game and against these the loser has a separate action for whatever sum they have respectively won.

The "oneness" or specific identity of the money passing between the parties amounts to nothing. The question is who came out winner in the game, for their gain is the losers' loss, and they must respond to his action for such loss.

The result is that we affirm the judgment. All concur.