COFER et al., Trustees MINERS LODGE, ANCIENT
ORDER OF UNITED WORKMEN, v. RISELING,
Appellant.

### Division One, February 5, 1900.

1. **Motion to Dismiss:** DEMURRER.    A motion to dismiss a case and
a demurrer are in legal effect the same.

2. ———: ———: WAIVER.    A participation in the trial after the
motion to dismiss has been overruled, is a waiver of the right to
have the court's action in overruling the motion reviewed.

3. **Betting on Election:** TRUST FUNDS: RECOVERY.    The trustees of
a lodge whose treasurer lost the lodge's money by betting on an
election, can recover it from the winner, although the winner did
not know that the money wagered belonged to the society.

4. ———: A STATUTORY RIGHT: CONSTITUTIONAL.    Such right in the
creditor to recover is purely of statutory origin, and the statute is
constitutional, and not void as depriving the loser of his property
without due process of law.    Without the statute neither the loser
nor his creditors have any property in the wager after it has passed
to the winner.

Cofer v. Riseling.

5. ———: ——— PARTIES. In such action by the creditor the debtor is not a necessary party.

6. ———: ———: ———: BAR. A recovery of a judgment by the loser's creditors bars a recovery by him from the winner of a bet.

7. ———: ACTION BY CREDITOR. The trustees of a fraternal society are "creditors" within the meaning of section 5210, R. S. 1889 (sec. 3425, R. S. 1899), authorizing the creditors of the loser of money at any game to recover the same, in a civil action against the winner to recover money bet by the society's treasurer upon the result of an election.

8. ———: ———: PRECEDENT STEPS. It is not necessary that the creditors reduce the claim against the loser to a judgment before they can maintain the action against the winner of the wager.

9. ———: ———: DEFENSE. The winner in the game or bet can defeat the action by the creditors by showing that plaintiffs are not in fact creditors of the loser.

10. ———: ———: BEFORE JUSTICE OF PEACE. If the amount sued for is within the statutory limit, the action may be maintained by the creditors before a justice of the peace. The action is statutory, and a creditor's bill is not necessary.

Appeal from Jasper Circuit Court.—*Hon. Joseph D. Perkins,* Judge.

AFFIRMED.

*Galen & A. E. Spencer* for appellant.

(1) To permit plaintiffs to recover in this action would deprive Knowles of his property without notice, without a day in court and without due process of law. They seek to recover solely as creditors of Knowles. River Rendering Co. v. Behr, 77 Mo. 91; Lowry v. Rainwater, 70 Mo. 152; Clark v. Mitchell, 64 Mo. 564; Underwood v. Green, 42 N. Y. 140; Rockwell v. Nearing, 35 N. Y. 302; Wynehamer v. People, 13 N. Y. 378; State v. Ryan, 36 N. W. Rep. 823; Knauer v. Louisville, 41 L. R. A. 219. (2) Defendant can raise this question. Payment under a judgment in this suit would be no bar to another action against defendant by Knowles. River Render-

ing Co. v. Behr, 77 Mo. 91.   (3)   The contention of defendant goes to the right of action itself.   It is not like an objection of defect of parties, which may be waived where a cause of action exists as to the parties in court.   Here plaintiff's right of action depends solely on the statute, and this can not give the right to take a man's property without due process of law, hence this action must fail.   (4)   The circuit court should have sustained defendant's motion to dismiss the cause. The justice of the peace had no jurisdiction, and the circuit court acquired none on appeal.   Rankin v. Fairley, 29 Mo. App. 587; Barnett v. Railroad, 68 Mo. 57; Peddicord v. Railroad, 85 Mo. 160; Cooper v. Barker, 33 Mo. App. 181; McQuoid v. Lamb, 19 Mo. App. 153.

*J. W. McAntire* and *Clark Craycroft* for respondents.

Respondent's action is based on sections 5209, 5210, 5214 and 5215, of the Revised Statutes of 1889.   The first section 5209, gives to the loser the right to recover the money lost. Section 5210 gives to the creditor of the loser the right to recover in a direct action at law against the winner.   Section 5214 confers jurisdiction upon justices of the peace in case of this action.   Section 5215 declares betting upon any election authorized by the Constitution and laws of this State gaming.

MARSHALL, J.—The respondents are the trustees of Miners Lodge No. 60, A. O. U. W., an unincorporated fraternal and benevolent order, and as such are entitled, by the by-laws thereof, to the custody of all property and money belonging to the society.   One J. B. Knowles, was the receiver or treasurer of the society, and as such in October, 1896, had in his possession $714.69 of its money.   In October, 1896, Knowles made a bet of $100 with the defendant, Riseling, that W. J. Bryan would be elected President of the United

States.   The money was placed in the hands of a stakeholder. The defendant won, and received the money.   The plaintiffs instituted this suit before a justice of the peace, to recover the one hundred dollars, alleging that the society is a creditor of Knowles, and that the money he put up belonged to the society and that the defendant knew such to be the fact.   The plaintiffs recovered judgment before the justice of the peace, and the defendant appealed to the circuit court.   In the circuit court the defendant demurred to the petition, and the court overruled the demurrer.   The defendant then moved to dismiss the case and to strike the same from the docket.   The demurrer and the motion to dismiss are in legal effect, and in this case almost in words, the same, and proceed upon substantially the same grounds.   [State ex rel. v. Simmons Hardware Co., 109 Mo. 118; Austin v. Loring, 63 Mo. 19.]   As the defendant participated in the trial of the case upon its merits, he waived the right to have the ruling of the trial court upon the demurrer and motion to dismiss (which was but a repetition of the demurrer) reviewed by this court.   [West v. McMullen, 112 Mo. 405.]

At the beginning of the trial the defendant objected to the introduction of any evidence, assigning as grounds therefor:   1st, that the justice of the peace had no jurisdiction of the case at all; 2d, that no statement of any cause of action had been filed before the justice; 3d, that the petition fails to state a cause of action; and, 4th, that the section of the statute under which this action is brought is unconstitutional.   The court overruled the objection, and the defendant saved his exception.

The plaintiffs' testimony tended to prove the allegations of the petition and showed that in October, 1896, Knowles, as receiver or treasurer of the society, had $714.69 of the society's money; that he wagered $100 thereof with the defedant upon the result of the presidential election and lost the bet, and that the defendant received the money from the

stakeholder. Knowles also made other wagers, amounting to something over three hundred dollars, upon the election, using the trust money for that purpose, and of the $714.69 the society only succeeded in recovering about seventy-five dollars from Knowles. There was no direct evidence that the defendant knew that the money he won from Knowles was a part of the trust fund. Neither was there any evidence as to whether Knowles had any other money or property of his own. He did not appear at the trial and the testimony seems to indicate that he could not be found if process should be issued against him. The defendant demurred to the evidence at the close of the plaintiffs' case, and upon the court overruling it, stood upon the ruling, offered no testimony, let judgment go against him, and after proper steps appealed to this court.

## I.

The defendant first contends that section 5210, Revised Statutes 1889, is unconstitutional because it "deprives Knowles of his property to be taken without notice, without a day in court and without due process of law."

The statute in reference to gaming, of which section 5210 is a part, has many times been construed by this court and has always been enforced. Section 5209 permits the loser of any money at any game or gambling to recover the same by civil action. Section 5210 provides: "The heirs, executors, administrators and creditors of the person losing may have the same remedy against the winner as provided in the preceding section."

In Williams v. Wall, 60 Mo. 318, this court considered this statute and pointed out that under section 5209, the loser could recover the money from the winner or any person to whom it had been transferred, no matter how innocent or ignorant of the facts the transferee might be, while under section 5210 "the heirs, legal representatives and creditors of the

losing party are, however, limited by the terms of the second section" (now 5210) "to a recovery against the winner alone." It was also therein said: "The central idea of the act before us, which is evidently in aid of the statute defining and punishing gambling as a criminal offense, is to discourage and suppress gaming by the most effective of all methods, that of preventing the gambler from retaining the spoils of his nefarious vocation, and from successfully transferring them to colleagues as unscrupulous as himself."

In one form or another what is now section 5209, Revised Statutes 1889, has been upheld by this court. [Laytham v. Agnew, 70 Mo. 48; Connor v. Black, 132 Mo. l. c. 153.] And also by the Courts of Appeals. [Mace v. Vendig, 23 Mo. App. 253; Swaggard v. Hancock, 25 Mo. App. 596; Crooks v. McMahon, 48 Mo. App. 48.] And section 5210, Revised Statutes 1889, has been considered and declared legal by this court in Crawford v. Spencer, 92 Mo. l. c. 507. Both sections 5209 and 5210 were recognized and enforced as valid, constitutional laws in the circuit court of the United States for the Western District of Missouri, by PHILIPS, J., in Savings Bank of Kansas v. National Bank of Commerce, 38 Fed. Rep. 800.

However it is useless to pursue the discussion, for the defendant can not make the objection that this proceeding would deprive Knowles of his property without due process of law. Such a plea could be only considered when made by Knowles. There is due process of law as to the defendant and that is all he is entitled to ask. The fact that Knowles might hereafter sue defendant for this same debt is no valid objection to the constitutionality of the law. Such a consideration only bears upon the question whether Knowles is a necessary party to this action. Aside from this, at common law Knowles could not sue defendant to recover money lost at gaming. Then the only remedy the law afforded the loser was to refuse to aid the winner to collect the money from the loser. Gambling was considered *contra bonos mores* and therefore the courts refused

to aid the winner to collect or the loser to recover the money or thing bet. [Savings Bank of Kansas v. National Bank of Commerce, 38 Fed. Rep. l. c. 803 and cases cited; Hayden v. Little, 35 Mo. 418.] When the money was paid, as is the case here, the right to and property in the thing wagered passed to the winner, and the courts refusing to aid the loser to recover it, the loser had no right or property which the law recognized, and therefore it could not be said that any proceeding against the winner to recover or gain possession of the thing wagered deprived the loser of his property or rights without due process of law. In such a case if the thing wagered did not belong to the loser, the true owner could recover it in a direct action against the winner, without joining the loser, just as effectually as the owner of the stolen goods could recover his property from the purchaser thereof from the thief, for value and without notice, and without joining the thief as party to the action, for the title never was in the loser, and therefore none could be passed by him to the winner, as it never was in the thief and therefore never passed to the purchaser.

Whatever rights the loser has to recover money or property lost at gaming depends therefore upon the statute. As was well said in Howell v. Stewart, 54 Mo. l. c. 406, quoting from Lord MANSFIELD in reference to lottery statutes: "The statute itself . . . . . . . has *marked the criminal*." This statute was intended as an aid to the criminal statute. It is levelled against the winner. The criminal statutes deal criminally with the loser. This statute was intended to prevent gambling by taking away the fruits of the wager from the winner. The right is therefore purely statutory. The statute is an exercise of the police power of the State, and as such is constitutional. The rights and the remedies must be found in the statute itself. The statute gives the right to recover the wager to the loser. But the statute does not stop here. It preserves the loser's right to recover to his heirs, his legal representatives and his creditors. That is, the loser may sue, or if he be dead

his heirs or legal representatives may sue, or if he be indebted his creditors may sue. But this is purely a statutory remedy. It is a law unto itself. It is not in derogation of nor in conflict with any other known legal proceeding to sequester and transfer a debtor's property to his creditors. Without this statute the property was in the winner as soon as the wager passed to his possession and the loser had no right or property thereto or therein. Under the statute a creditor is given a new and hitherto unrecognized legal right and remedy to secure the payment of his claim. The statute has marked the victim. It is levelled at the winner. It gives a right and a remedy theretofore unrecognized to the loser, but at the same time and to further deter persons from gambling it permits the loser's creditors to sue the winner, lest perchance, as here, the loser would not do so. In so creating a new right, the legislature had full power to specify who should be the beneficiaries of the right. In so doing, it took nothing away from any other right the loser or his creditors might have. Outside of this statute the loser could not sue—the wager once paid became the property of the winner, because the court would not take it away from him. Hence, the creditors of the loser could not by attachment, bill in equity or any other remedy then known recover it, and except as above stated, where the thing wagered was the property of a third person and could be identified, the law left the parties where it found them. It can not therefore be said that Knowles had any property in the money wagered and actually paid to the defendant except as this statute gives it to him; and as the statute gives his creditors the same right to recover the wager lost that it gives to him, it follows that if his creditors recover it is the same thing as if he recovered it, and hence the constitutional prohibition against taking property without due process of law is not violated. It also follows that as Knowles' creditors have the same right to sue that he has, if they sue he is not a necessary party defendant. It further follows, by necessary

sequence, that if Knowles' creditors recover the wager from the winner, Knowles can not afterwards recover the same thing from the winner.   Ordinarily no person is bound by a judgment unless he is a party or privy to the suit, but in this case a statute creates the right, furnishes the remedy and fixes the status of the parties with respect to the wager to be recovered, and gives the creditors of the loser the right to recover the wager from the winner just as fully and without limitation upon procedure as it does the loser.   If the loser recovers the wager, the loser's creditors can not afterwards recover it a second time, and the same is true as to the loser if his creditors recover it.   The loser's creditors are just as much necessary parties where the loser sues, as the loser is if his creditors sue—just as much, no more or less.   These considerations necessarily result in holding the statute constitutional, and that Knowles is not a necessary party to this action, but that he can not recover the wager from the defendant after his creditors have done so. There is no merit in the contention that the plaintiffs are not creditors of Knowles.   It is not necessary in cases under this statute that the claim against Knowles should be reduced to judgment before this action can be maintained.   The whole question can be and is authorized to be litigated and determined in this action.   The winner can defeat such an action by showing that the plaintiffs are not really creditors of the loser just as he could defeat an action that is brought by persons claiming to be the heirs or legal representatives of the loser.

Neither is the objection that the justice of the peace was without jurisdiction tenable.   The amount sued for is within the jurisdiction of a justice of the peace.   Section 5214, Revised Statutes 1889 (which is a part of this gaming statute) expressly sanctions such suits being brought before a justice of the peace.   In fact this contention is bottomed upon the

idea that this money could only be recovered by a creditors' bill, which must be in a court of equity and that a justice of the peace has no equity jurisdiction. The holding that the action is statutory and that a creditor's bill is not necessary disposes of this contention.

The petition or statement filed in this case not only satisfies the statute as to the sufficiency of a statement necessary before a justice of the peace, but as a petition in a court of general jurisdiction it would be good on demurrer.

The cases relied on by defendant, of which Lowry v. Rainwater, 70 Mo. 152, and River Rendering Co. v. Behr, 77 Mo. 91, are a type, holding that no man can be deprived of property without due process of law, have no pertinency to this case, because without the statute neither Knowles nor his creditors have any property in the wager after it has passed to the winner, and under the statute the only right of either Knowles or his creditors is created and the process of law in such cases regulated and defined.

The judgment of the trial court was right and is affirmed. All concur.