**STATE OF MISSOURI et al. v. EARHART.**

**No. 11596.**

Circuit Court of Appeals, Eighth Circuit.

May 2, 1940.

Rehearing Denied May 24, 1940.

Harry G. Waltner, Jr., of Jefferson City, Mo. (Viva Hunt, of Jefferson City, Mo., on the brief), for appellant.

J. Francis O'Sullivan, of Kansas City, Mo. (K. Martin Kirschner, John M. P. Miller, and Maurice J. O'Sullivan, all of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from an order of the district court affirming an order of the referee in bankruptcy allowing a claim of the State of Missouri as an administrative expense and denying the claim priority over other claims of that class.

On November 13, 1936, the court approved the petition of Burnap-Meyer, Inc., a corporation, for reorganization under the provisions of section 77B of the amended Bankruptcy Act, 11 U.S.C.A. § 207. The order was entered in an involuntary bankruptcy proceeding then pending. Owner-management was granted under supervision of the court and continued until April 14, 1938, during which period the business was operated at a substantial loss. Owner-management was discontinued on the latter date, a trustee was appointed and on May 23, 1938, a final order of liquidation was entered, the property sold and the case referred to the referee. The amount realized from the sale of the property is insufficient to pay the claims arising during the period of owner-management, which have been allowed as administrative expenses.

The Missouri Unemployment Compensation Law was approved and became effective June 17, 1937. Laws of Missouri 1937, pp. 574–603, Mo.St.Ann. § 13194—1 et seq., p. 4770. Prior to 1937 Missouri had no such law. The Act creates an Unemployment Compensation Fund to be

administered by a Commission. The fund consists among other things of contributions exacted from the employers of labor within the state. The bankrupt in this instance was subject to the provisions of the Act. The contribution exacted of employers for the year 1937 was equal to 1.8 per centum of the wages paid labor during that period; and for 1938, 2.7 per centum.

The appellants filed a claim against the bankrupt estate for contributions accruing under the Act for the period from January 1, 1937, to April 14, 1938, in the amount of $1,559.26, with interest at 1% a month on payments from their due date under the Act. The claim was computed upon wages payable for the whole of the year 1937 in the sum of $1,123.03, and from January 1, 1938, until April 14, 1938, in the sum of $436.23, the two sums aggregating $1,559.26. Claimant asked that the claim be established as a first lien upon the assets of the bankrupt and that payment be directed forthwith.

The trustee objected (1) to granting to the claim priority of payment over other administrative expenses, (2) to the allowance of contributions accruing on wages paid for the period from January 1, 1937, to June 17, 1937, the effective date of the Act, and (3) to the allowance of the claim in any sum.

After a hearing the referee entered an order finding (1) that it is practicable to determine the estate's liability under the Chandler Act, Act of June 22, 1938, c. 575, 52 Stat. 840, 11 U.S.C.A. § 1 et seq.; (2) that appellants are not entitled to recover contributions covering any period prior to June 17, 1937, the effective date of the Missouri Act; (3) that the contributions accruing from June 17, 1937, to December 31, 1937, are in the sum of $592.94, and from January 1, 1938, until April 14, 1938, in the sum of $436.23, making a total liability of $1,029.17. The order established the claim in this amount as an administrative expense and on a parity with all other similar claims arising during the period of owner-management. Interest was not allowed; and the referee held that the contributions exacted under the Missouri Act are not a tax.

A petition for review was filed; the court affirmed the order of the referee; and the state appeals.

Upon this appeal the appellants contend: (1) that contributions to the Missouri unemployment compensation fund exacted of employers under Missouri law are taxes and that as such they are entitled to the priority provided for taxes under Section 64 of the Bankruptcy Act, as amended, 52 Stat. 874, 11 U.S.C.A. § 104; (2) that while such taxes are an administrative expense by reason of accrual during the period that the Company was being operated as a bankrupt seeking to effect a reorganization under 77B, they are entitled to priority over other administrative expenses incurred in the same period; (3) that the court erred in denying the claim for the period from January 1, 1937, to June 17, 1937; and (4) that the court should have allowed the claim for interest on past due contributions.

■ 1. It is unnecessary in this proceeding to determine whether or not contributions under the Missouri unemployment compensation law may in a technical sense be called a tax. Assuming that such contributions are properly designated as taxes, the appellants are not prejudiced by the classification of the claim in the instant case. By the allowance of the claim as an administrative expense it has been accorded a higher rating of priority than that claimed for it under Section 64, sub. a(4). See Section 64, sub. a(1), 11 U.S.C.A. § 104, sub. a(1).

■ Further, although a state legislature cannot determine the order of priority of claims in bankruptcy (New Jersey v. Anderson, 203 U.S. 483, 27 S.Ct. 137, 51 L.Ed. 284), the legislature of Missouri in Section 15(c) of the Act of June 17, 1937, Mo.St.Ann. § 13194—15, p. 4770, stated its view of the nature of the contributions and expressed its desire in reference to the priority of claims therefor in bankruptcy as follows: "In the event of any distribution of an employer's assets pursuant to an order of any court under the laws of this state, including any receivership, assignment for benefit of creditors, adjudicated insolvency, composition, or similar proceeding, contributions then or thereafter due shall be paid in full prior to all other claims except taxes and claims for wages of not more than $500.00 to each claimant, earned within six months of the commencement of the proceeding. In the event of an employer's adjudication in bankruptcy, judicially confirmed extension proposal, or composition, under the Federal Bankruptcy

Act of 1898, as amended, contributions then or thereafter due shall be entitled to such priority as is provided in section 64(b) of that Act (U.S.C., title XI, sec. 104(b)), as amended [11 U.S.C.A. § 104, sub. b]."

It is clear that the order complained of gives to the claim of the state a higher rating of priority than that claimed for it in the act of the legislature. Dickinson v. Riley, 8 Cir., 86 F.2d 385, 389.

■ 2. There is no merit to the contention that if these contributions are a tax they must be given priority over other administrative expenses. Section 64, sub. a(1), supra, makes no provision for priority as among different administrative and procedural costs and expenses. All such costs and expenses are expenses of administration whether taxes, wages or costs of merchandise. Where reorganization efforts under section 77B are superceded by liquidation proceedings in ordinary bankruptcy, administration expenses incurred in the former may be accorded priority over other claims but all such expenses are in the same class and hence on a parity. In re James Butler Grocery Co., 2 Cir., 100 F.2d 376; Hennepin County, Minn. v. M. W. Savage Factories, 8 Cir., 83 F.2d 453; Thompson v. State of Louisiana, 8 Cir., 98 F.2d 108; Central States Life Ins. Co. v. Carlson, 10 Cir., 98 F.2d 102, 105; In re Avorn Dress Co., 2 Cir., 78 F.2d 681; Robertson v. Goree, 5 Cir., 29 F.2d 261; MacGregor v. Johnson-Cowdin-Emmerich, Inc., 2 Cir., 39 F.2d 574; Mercantile Trust Co. v. Farmers' Loan & Trust Co., 8 Cir., 81 F. 254, 258; Trustee of General Assembly v. Ward, D.C.Pa., 22 F.Supp. 579, 581; In re Lambertville Rubber Co., D.C.N.J., 27 F.Supp. 897, 901; 28 U.S.C.A. § 124a; 11 U.S.C.A. § 646.

■ In this instance it was entirely proper to determine the estate's liability under the provisions of the Chandler Act. Section 276, sub. c of the Chandler Act, 11 U.S.C.A. § 676, sub. c; In re Old Algiers, 2 Cir., 100 F.2d 374, 375.

■ Appellants also claim a special priority over other claimants on the ground of the sovereignty of the state. Priorities are to be determined only by federal law and according to the controlling statutes. New Jersey v. Anderson, 203 U.S. 483, 492, 27 S.Ct. 137, 51 L.Ed. 284; Davis v. Pringle, 268 U.S. 315, 45 S.Ct. 549, 69 L.Ed. 974; Missouri v. Ross, 299 U.S. 72, 57 S.Ct. 60, 81 L.Ed. 46. The statute grants to the state no priority on the ground of its sovereignty.

■ 3. The third contention of the appellants is that the court erred in denying recovery for the period from January 1, 1937, to June 17, 1937. The dispute at this point arises out of the fact that section 6(A) (1) of the Missouri Unemployment Law provides that "On and after January 1, 1937, contributions shall accrue and become payable by each employer * * *." Mo.St.Ann. § 13194—6 (A) (1), p. 4770. Section 25 of the Act provides that "this Act shall be in full force and effect from and after its passage and approval." It was approved June 17, 1937. By its terms, therefore, the law is made to take effect retrospectively from January 1, 1937, to June 17, 1937. Section 15 of Article II of the Constitution of Missouri, Mo.St.Ann., provides that no law "retrospective in its operation * * * can be passed by the General Assembly." The Supreme Court of Missouri has held that this provision of the constitution forbids the legislature to enact a statute reaching back and affecting prior transactions, and that in so far as a law attempts to do so it is invalid. Smith v. Dirckx, 283 Mo. 188, 223 S.W. 104, 11 A.L.R. 510; State ex rel. and to use of Koeln v. Southwestern Bell Telephone Co., 316 Mo. 1008, 292 S.W. 1037; Graham Paper Co. v. Gehner, 332 Mo. 155, 59 S.W.2d 49.

The appellants insist that the appellee can not raise the constitutional invalidity of the law because he is not injured by the invalid provision. Cofer v. Riseling, 153 Mo. 633, 55 S.W. 235; Bourjois v. Chapman, 301 U.S. 183, 57 S.Ct. 691, 81 L.Ed. 1027; Alabama Power Co. v. Ickes, 302 U.S. 464, 58 S.Ct. 300, 82 L.Ed. 374; Massachusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078; In re Knowles' Estate, 295 Pa. 571, 145 A. 797, 63 A.L.R. 1086.

The theory of appellants is that the trustee will not be injured by paying the contributions accruing from January 1, 1937, to June 17, 1937, to the state for the reason that if it fails to do so it will be required to pay an equal amount to the federal government under the Federal Social Security Act, Act of August 14, 1935, c. 531, Title IX, § 902, 49 Stat. 639, 42 U.S.C.A. § 1102. For the year

1937 the rate of the federal tax was 2 per centum of the total wages payable, but a credit of 90 per centum of the tax was allowed for payments made to a state unemployment fund. If credit is allowed for the amount of contributions claimed by the State of Missouri, the remaining 10 per centum due the federal government would be $124.78. The amount claimed by the state is equal to 90 per centum of the federal tax for the period.

The theory of the appellants fails for the reason that the collector of internal revenue filed claims for the full amount of the social security tax and other taxes. The referee considered the claims together and allowed them in the sum of $564.58. The allowance was paid in full, and no appeal was taken. The federal social security tax having been settled, the trustee would be prejudiced were he required to make contributions to the state fund for the period prior to June 17, 1937. He is therefore in a position to urge the invalidity of the claim.

■ The appellants contend further that even if the contributions for the period from January 1, 1937, to June 16, 1937, are not allowable because the statute exacting contributions for this period is repugnant to the Missouri Constitution, that part of the claim based on wages payable during this period under section 6(A) of the Missouri Act, Mo. St.Ann. § 13194—6(A), p. 4770, must nevertheless be allowed under section 6 (C) (3) (d) of the Act, Mo.St.Ann. § 13194—6, p. 4770, as an "additional contribution" for the year 1937. This section reads as follows: "If the total amount of contributions required to be made under this Act by any employer for any period ending on December 31st of any calendar year based on wages paid by all employment units of such employer within this state, plus any credits allowed such employer under the provisions of Section 6(C) (3) (b), shall not equal 90 per cent of the tax under Title IX of the Social Security Act, levied against such employer based on wages paid by all the employing units of such employer within this state for the same calendar year ending December 31st, then such employer shall make an additional contribution equal to the difference between said 90 per cent of said tax levied under said Social Security Act and the

total amount of contributions required to be made under this Act."

It is insisted that section 6(C) (3) (d) was undoubtedly placed in the law for the specific purpose of eliminating the possibility of an adverse court decision which would deny the collection of contributions imposed under section 6(A) of the Act. In other words the argument is in substance that the Legislature of Missouri attempted to do indirectly what it feared the Constitution of the state barred it from doing directly. We cannot attribute to the Legislature such a motive. The obvious purpose of section 6(C) (3) (d) of the Act is to coordinate and harmonize the Act with the Federal Social Security Act. If it must be construed to exact contributions measured by the application of the rates provided in section 6(A) to wages payable prior to the effective date of the Act it is susceptible to the same constitutional objection that section 6(A) is when applied to the period from January 1, 1937, to June 16, 1937.

4. Appellants claim, finally, that the court erred in refusing to allow interest on the claim. Section 15(a) of the Missouri Unemployment Compensation Law provides that contributions not paid when due shall bear interest at the rate of 1 per centum a month. It is argued that the interest thus provided for by the Missouri law is allowable under section 57, sub. j, of the National Bankruptcy Act, 11 U.S.C.A. § 93, sub. (j). The Supreme Court has recently held that this section of the bankruptcy law is applicable only to claims against the bankrupt arising prior to bankruptcy and not to claims arising after bankruptcy. Boteler v. Ingels, 308 U.S. 57, 60, 521, 60 S.Ct. 29, 84 L.Ed. ——. The claim in this instance accrued after the petition in bankruptcy had been filed, and it arose out of operations carried on under the supervision of the court.

■ As a general rule, after property of an insolvent passes into the hands of the court interest on claims is not allowable against the estate. "The delay in distribution is the act of the law; it is a necessary incident to the settlement of the estate." Thomas v. Western Car Co., 149 U.S. 95, 13 S.Ct. 824, 833, 37 L.Ed. 663. The record discloses in this case that the assets are inadequate to pay the principal amount of the claims

allowed as costs of administration for this period without interest. Payment of interest should not in such circumstances be allowed. American Iron and American Iron & Steel Mfg. Co. v. Seaboard Air Line Ry., 233 U.S. 261, 34 S.Ct. 502, 58 L.Ed. 949. The court correctly held that interest should not be allowed on the claim.

Affirmed.