In re **WEDTECH CORPORATION**
f/k/a/ **Welbilt Electronic Die**
**Corp., Debtor.**

**WEDTECH CORPORATION** f/n/a/ Welbilt Electronic Die Corp. and the Official Committee of Unsecured Creditors of Wedtech f/k/a/ Welbilt Electronic Die Corp., Plaintiffs,

v.

**BANCO POPULAR DE PUERTO RICO, Defendant.**

**Bankruptcy No. 86–B–12366 HCB.**
**No. M–47.**
**Adv. No. 88–5837A (HCB).**

United States District Court,
S.D. New York.

Dec. 20, 1988.

294

Strook & Strook & Lavan, New York City (Brian M. Cogan, of counsel), for plaintiff Official Committee of Unsecured Creditors.

Quirk & Bakalur, P.C., New York City (Roy E. Quirk, of counsel), Sedgwick, Detert, Moran & Arnold, New York City (James M. McCullough III, of counsel), for defendant.

## OPINION and ORDER

LEISURE, District Judge.

Defendant has moved this Court for an order withdrawing the bankruptcy referral with regard to the present action, or in the alternative requesting that this Court abstain from exercising bankruptcy jurisdiction. For the following reasons, the motion is denied, but the referral is modified to withdraw the bankruptcy referral with respect to final judicial determination of the action, should that eventuality occur.

Defendant additionally requested a stay of the action before the bankruptcy court pending this Court's decision on the present motion. In light of this decision, that application is moot, and therefore denied.

*Factual Background.*

The present action concerns two bank accounts with the defendant Banko Popular de Puerto Rico (the "Bank"), which were allegedly utilized by the former management of the Wedtech corporation (the "debtor," or "Wedtech") in various illicit activities. One of these accounts is in the name of the debtor (the "Wedtech Account"); the other is in the name of FHJ Associates (the "FHJ Account"). Specifically, the former management of Wedtech is alleged to have embezzled and diverted funds from the debtor, and such activities were aided by the knowing complicity and gross negligence of the Bank.

The Bank has denied all allegations in the present complaint, asserted that the bankruptcy court lacks jurisdiction, and demanded a jury trial.

Wedtech filed for bankruptcy under Chapter 11 of the Bankruptcy Code in December 1986. Judge Buschman of the Bankruptcy Court has been administering the debtors' estate and presiding over numerous lawsuits brought by the debtor and/or committee of unsecured creditors.[1]

On April 6, 1988 Judge Buschman issued an order pursuant to Bankruptcy Rule 2004 authorizing the committee of unsecured creditors ("plaintiff" or "committee") to examine employees of the Bank. This action was commenced, allegedly as a result of that investigation. A pre-trial conference was held before Judge Buschman, who denied the Bank's request to stay discovery pending determination of this motion. Judge Buschman correctly reasoned that any discovery could eventually be utilized in this Court if the reference was withdrawn. Cogan Affidavit ¶ 11. At that conference, Judge Buschman indicated a familiarity with the specific claims, and particular discovery problems that might arise. Transcript of Pre-trial Conference at p. 10, attached as Exhibit 2 to Cogan Affidavit.

The action is indisputably a "non-core" proceeding, based on state law claims. It is, however, factually intertwined with the other Wedtech actions pending before Judge Buschman. The FHJ Account has figured prominently in many of these actions. Cogan Affidavit ¶ 8. The allegations of the Complaint here link the activities of the Bank, relative to the FHJ Account, to the demise of Wedtech.

*Discussion.*

A. Withdrawal of the Reference.

■ Initially, the Court notes that much of defendant's argument with respect to

withdrawal has merit, and is explicitly or implicitly conceded by the plaintiff. The parameters of bankruptcy jurisdiction have been defined by the Supreme Court decision in *Northern Pipeline Construction v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) and the consequent restructuring of bankruptcy jurisdiction in the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("Bankruptcy Amendments").

Sections 1334 and 157 of Title 28 currently articulate the relationship between the district and bankruptcy courts with regard to bankruptcy-related proceedings. A non-core, related proceeding may be heard by a bankruptcy judge, who then issues recommended findings to the district court. The district court reviews, *de novo*, those findings as to which there are objections, and enters a final judgment. 28 U.S.C. § 157(c)(1). Alternatively, the parties may consent to have the determinations made by the bankruptcy judge. 28 U.S.C. § 157(c)(2). Additionally, the reference to the bankruptcy court may be withdrawn "for cause shown." 28 U.S.C. § 157(d).

Defendants do not consent to adjudication by the bankruptcy court. The present claims are non-core proceedings that could not be *finally* determined by the bankruptcy court, in accord with the above-noted provisions.

This acknowledgment does not, however, end the inquiry and automatically require withdrawal. Withdrawal of the reference is not mandatory under the statutory scheme.[2] "Cause" must be shown, and this Court must consider various discretionary factors in determining whether to withdraw the reference under § 157(d).

---

1. Over ninety-five suits have been commenced before Judge Bushman relating to the bankruptcy. Sixty-three of those have proceeded to final judgment or been settled. Only five of those actions were withdrawn by consent or order. Two were cases in which Judge Buschman recused himself. Others were by order of Hon. Leonard B. Sand, and involved defendants who were also named in *In re Wedtech Securities Litigation,* a multi-district securities class action which is consolidated for pre-trial purposes before Judge Sand. The Bank here is not a defendant to that multi-district litigation. *See,* Af-

fidavit of Brian M. Cogan, Esq., sworn to on December 15, 1988, ¶ 8.

2. Withdrawal is mandatory where consideration of both Title 11 and "other laws of the United States regulating organizations or activities affecting interstate commerce" are involved. 28 U.S.C. § 157(d). These factors are not involved here, as defendant implicitly concedes.

Mandatory abstention is also not required here under 28 U.S.C. § 1334(c)(2). See Part B, infra.

The Court of Appeals for the Fifth Circuit, shortly after *Marathon Pipe* and the Bankruptcy Amendments, thoroughly reviewed the factors properly considered in determining whether to withdraw a bankruptcy reference. *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998–9 (5th Cir.1985). The *Holland America* court noted, in *dicta*, that in light of Supreme Court precedent and Congressional action, there is doubt whether the bankruptcy court may conduct jury trials. It noted that such a factor "may influence the district court's decision" to withdraw the reference. *Id.*

This Court agrees with that assessment; a *de novo* review of the jury's findings would violate the essence of a trial by jury. Other courts that have addressed this issue have drawn similar conclusions. *See, e.g., In re American Community Services Inc.*, 86 B.R. 681, 690 (D.Utah 1988); *In re Smith Douglas Inc.*, 43 B.R. 616, 618 (Bankr.E.D.N.C.1984); *In re Globe Parcel Service Inc.*, 71 B.R. 323, 326 (E.D.Pa. 1987). Additionally, even if jury trials were constitutionally permissible in noncore related matters before a bankruptcy judge, the required *de novo* review of such trials would waste scarce judicial resources. *In re American Community Services, Inc.*, 86 B.R. at 689.

Defendant has established, and plaintiff has essentially conceded, that the present action is an action at law, and one in which the defendant has a right to a trial by jury under the Seventh Amendment. *See, Pernell v. Southall Realty*, 416 U.S. 363, 374–75, 94 S.Ct. 1723, 1729, 40 L.Ed.2d 198 (1974). The reference, to the extent that it contemplates a trial by the bankruptcy judge, will be modified.

Consideration of the factors enumerated in *Holland America*, 777 F.2d at 998–99, as well as practicality and the particular circumstances of this case, do *not* indicate, however, that complete withdrawal of the reference at this time is appropriate. The *Holland* court stated:

> The Bankruptcy Amendments Act has attempted a flexible response to *Marathon*, permitting bankruptcy courts to hear "core" proceedings by blanket reference from the district courts, while authorizing them to function much like magistrates as adjuncts to the district court on matters that are merely "related to" a bankruptcy. *Marathon* provides the outer boundary of original referred jurisdiction of bankruptcy courts, but considerations of judicial economy also bear on the decision to withdraw the reference or refer to a bankruptcy court. The district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors and creditors resources, and expediting the bankruptcy process.

777 F.2d at 999. *See, also, In re American Community Services, Inc.*, 86 B.R. 681, 686 (D.Utah 1988) ("permissive withdrawal of the reference is within the sound discretion of the court and predicated upon 'cause' shown on a case by case basis.").

In particular cases this Court refers both jury and non-jury matters to magistrates for pre-trial supervision under 28 U.S.C. § 636 (the "Magistrates Act"). As the *Holland* court noted, bankruptcy judges can ultimately serve much the same function as magistrates in non-core related actions like the present one.[3] Judge Busch-

---

**3.** At oral argument, counsel for the Bank argued that the legislative history of the Bankruptcy Amendments compelled withdrawal of the reference at this time.

The specific passage referred to was a statement on the record by Senator Strom Thurmond, to the effect that provisions "regarding the use of bankruptcy judges as magistrates to handle bankruptcy cases or proceedings *withdrawn by the district court* have been deleted [from the final version of the bill.] (Emphasis added.) This isolated statement is argued to

indicate Congressional prohibition of the practical analogy to the Magistrates Act noted by this Court, and by implication the court in *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992 (5th Cir.1985).

As this opinion indicates, the reference is not being presently withdrawn, and Judge Buschman is therefore not being directed to act as a magistrate in a "withdrawn" proceeding. The legislative history of the Bankruptcy Amendments is not conclusive, and does not compel

man made this same observation before these parties in the pre-trial conference held before him. Conference Transcript at pp. 7–9. Disturbing the reference at this pre-trial stage would defy logic, and be a gratuitous and unnecessary waste of judicial resources. Concerns of judicial economy are particularly important in dealing with a Chapter 11 debtor-in-possession. *Lesser v. A–Z Associates (In re Lion Capital Group),* 46 B.R. 850, 860 (Bankr.S.D.N.Y.1985), *aff'd,* 63 B.R. 199 (S.D.N.Y.1986).

The defendants' right to a jury trial would not be disturbed by allowing Judge Buschman to continue to oversee the pre-trial supervision of this case, until such time as the case is ready for trial or dispositive motions. Judge Buschman's expressed familiarity with the present action, as well as the factual overlap with the numerous cases before him, present a unique and compelling opportunity to promote judicial economy and swift resolution, to the benefit of both of the parties. This Court will therefore not exercise its discretion to withdraw the reference completely. The reference will not extend, however, beyond the point where the matter is ready for trial or dispositive motions, if that eventuality should occur. *Cf.,* 28 U.S.C. § 636.

Defendant cites cases where the presence of a valid jury demand has prompted the district court to withdraw the reference in its entirety. *E.g., Interconnect Telephone Services, Inc.,* 59 B.R. 397 (S.D.N.Y.1986). As indicated above, the discretionary inquiry by the Court here involves a case by case assessment of the factors affecting withdrawal, particularly judicial economy and orderly proceedings in the bankruptcy court. In *Interconnect,* for example, the reference was withdrawn to avoid two separate, complete jury trials. *Id.* at 400. Clearly, such a scenario would strongly militate withdrawal. In the present case, however, two trials will *not* occur. Again, the Court specifically finds that judicial economy will be furthered by allowing the reference to stand during the pendency of pre-trial proceedings.

this Court to make a discretionary withdrawal

**B.  Abstention.**

Section 1334(c)(1) authorizes the Court to abstain from matters related to title 11 proceedings "in the interest of justice, or in the interest of comity with State courts or respect for State law." The factors considered under discretionary abstention are substantially similar to those enumerated above regarding discretionary withdrawal of a reference. *See, e.g., Allen County Bank & Trust v. Valumatic International Corp.,* 51 B.R. 578, 582 (Bankr.N.D.Ind.1985). As indicated in the discussion above, consideration of those discretionary factors compels that the reference here be withdrawn for the jury trial if it is necessary, but not to remove the action from Judge Buschman's supervision before the completion of pre-trial matters. The Court will not abstain as a matter of discretion.

Section 1334(c)(2) of Title 28 provides for mandatory abstention where the related case "could not have been commenced in a court of the United States absent jurisdiction under this section." This provision is not applicable to the present action for the simple reason that the suit might be brought in a federal court under diversity jurisdiction. Diversity is an adequate, separate basis of federal jurisdiction; abstention is therefore not mandatory. *Macon Prestressed Concrete Co. v. Duke,* 46 B.R. 727 (M.D.Ga.1985). Wedtech, whether viewed as a debtor or a debtor in possession, is incorporated in and has its principal place of business in New York. Defendant is a Puerto Rican corporation with its principal place of business in Puerto Rico. If the citizenship of the Committee of unsecured creditors is to be considered, it could not be Puerto Rico under any theory. Cogan Affidavit ¶ 17. Despite defendant's conclusory and nonspecific allegations in its moving papers and at oral argument that there is no diversity, *e.g.,* Defendants' Memorandum in Support of Motion to Withdraw the Reference or to Abstain, at p. 27, it has not shown the lack

of the reference at this time.

of a separate, adequate basis of federal jurisdiction.[4]

### CONCLUSION

The defendant's motion to withdraw the reference or abstain is presently denied. If the action proceeds to the point where the defendant's right to a jury trial is implicated, or dispositive motions are brought that would be beyond the scope of an analogous magistrate referral, the bankruptcy reference will be modified to allow final resolution before the District Court.

Defendants had sought, by an order to show cause, a stay of discovery pending this Court's ruling on the present motion. In light of the ruling just issued, the stay is moot, and therefore denied.

SO ORDERED.

---

**4.** Defendant has not submitted a sworn affidavit contesting the existence of diversity citizenship, or addressed such an issue in its Reply papers.