95 F.2d 306 (1938)
In re WIL-LOW CAFETERIAS, Inc.[*]
650 MADISON AVENUE CORPORATION
v.
WIL-LOW CAFETERIAS, Inc., et al.
No. 215.
Circuit Court of Appeals, Second Circuit.
March 7, 1938.
*307 *308 Mitchell, Taylor, Capron & Marsh, of New York City (Rollin Browne and Henry L. Glenn, both of New York City, of counsel), for appellant.
Chadbourne, Hunt, Jaeckel & Brown and Louis Shapiro, all of New York City (William M. Chadbourne, Louis Shapiro, John Holbrook, and Joseph G. Gubman, all of New York City, of counsel), for debtor-appellee.
Rabenold, Schribner & Miller, of New York City, and Duberstein & Schwartz, of Brooklyn, N. Y. (Samuel Miller, of New York City, and Samuel C. Duberstein, of Brooklyn, N. Y., of counsel), for appellee unsecured creditors' committee.
Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.
MANTON, Circuit Judge.
The order appealed from denied the appellant's motion, in this debtor's reorganization proceedings under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, for the surrender and possession of premises leased to the debtor under two written leases. Article 14 of each lease provides: "* * * this lease is made upon the express condition, that the lessor shall * * * have the right and option to terminate the term hereunder and to cancel and annul this lease and all rights of the lessee hereunder, if the lessee * * * shall become insolvent, or * * * shall file a petition in bankruptcy under the laws of the United States. * * *"
Article 17 of each lease, as modified by article 25, provides that in the event of the lessee's default in the performance of any condition or covenant, continued for five days, the lessor might serve written notice of its election to terminate the lease upon a date not less than ten days thereafter and, during such ten-day period, the lessee might cure the default in which event the notice should be ineffective. Article 4 provides: "The consent of the lessor in any instance to any variation of the terms of this lease, or the receipt of rent with knowledge of any breach, shall not be deemed to be a waiver as to any breach of any covenant or condition herein contained, nor shall any waiver be claimed as to any provision of this lease unless the same be in writing, signed by the lessor or the lessor's authorized agent."
The petition for reorganization was filed on April 20, 1937, and alleged that the debtor was unable to meet its obligations as they matured. The order approving the petition continued the debtor temporarily in possession and authorized it to perform the existing contracts subject to an express qualification that "this authorization and action thereon" should not be deemed an approval of any lease, "such adoption to be made only by the further order of the Court."
The April rent was paid when the petition was filed, but the debtor was then liable for electric current, steam, and water. May 24, 1937, the debtor paid $2,500 on account of use and occupation, which was less than the amount payable by the debtor as fixed for the May rent. June 2, 1937, appellant mailed notices electing to terminate the leases because of the debtor's insolvency, the filing of a petition under section 77B, and the nonpayment of rent and charges for steam, electricity, and water. The notices stated the effective date as of the eleventh day following the receipt thereof, which was June 3, thus making the date of termination June 14, 1937. On June 12, the debtor sent its check for $4,409.94, which included the balance of the rent for May and June and the electric, steam, and water charges, which payment was accepted by the appellant and made good all arrears in rent and other charges.
August 2, 1937, the present petition was filed for an order to surrender possession of the premises to appellant or to authorize appellant to institute appropriate proceedings in the state court to obtain possession. The motion was denied, the court below holding (1) that the debtor's petition under section 77B was not a petition in bankruptcy; (2) that insolvency meant an inability to pay debts as they matured, a condition which had been admitted to exist in the petition under section 77B; but (3) that relief should be denied because the appellant had waived its right to terminate the leases by accepting the payment of June 12th.
In Re Walker et al., 2 Cir., 93 F.2d 281, 283, we held that the word "insolvency," where used in a lease authorizing re-entry of a lessor in case of the insolvency of the lessee, means a failure to meet the lessee's obligations as they matured, or such insolvency *309 as "throws the lessor's relations into confusion, delays payment of the rent, impounds his property for an indefinite time, and in general makes it important for him to be free to reënter."
When on May 24th the debtor made a partial payment on account of the use and occupation for May, it had not yet determined to adopt the leases. It was forbidden to adopt the leases unless by a court order. At no time after it served its notice to terminate, on June 2d, did the appellant withdraw such notice or abandon such election or assent to the continuance of the leases. It resisted efforts made to induce it to waive or abandon its rights so that the tenant might remain. Negotiations for such an amicable adjustment failed. Appellant refused to accept the payment made by the debtor on July 6th as rent, because July's rent accrued after the date of termination and the debtor would not agree that such payment might be accepted without prejudice to the appellant's contention that the leases had been terminated. The appellant ultimately was required to secure an order from the court directing the debtor to pay for July's occupancy without prejudice.
The debtor made the payment of June 12th in order to avoid the termination of the leases for nonpayment of rent and other charges and apparently to preserve its legal right to overcome the appellant's attempt to terminate for other breaches. But at no time did the appellant intend to waive or abandon its right to terminate the leases. Such intention should not be imputed to it in the absence of a compelling mandate of law.
Waiver is always a matter of intent and, while an intent to waive may be inferred from the acceptance of rent under certain circumstances, such an inference may be rebutted and is rebutted here by the express agreement between the parties that the rent was paid and accepted without prejudice. Such an agreement was incorporated in the leases. The fourth paragraph quoted provided that "the receipt of rent with knowledge of any breach, shall not be deemed to be a waiver as to any breach of any covenant or condition herein contained." Thus, notwithstanding knowledge of a breach of condition, the appellant might accept rent without being deemed to waive its right to terminate for such breach. Hoffman Wall Paper Co. v. City of Hartford, 114 Conn. 531, 159 A. 346; D'Anna v. Rupp, Mo.App., 32 S.W.2d 136; Miller v. Prescott, 163 Mass. 12, 39 N.E. 409, 47 Am.St.Rep. 434; Vintaloro v. Pappas, 310 Ill. 115, 141 N.E. 377.
But it is said that the June rent was accepted and constituted a waiver. Appellant received rent on June 12th, which covered a period subsequent to the announced date of termination, but under the leases the rent for the month of June was due and payable in full on June 1st; and, in any event, this and the May rent must be understood to have been accepted with due regard for the nonwaiver clauses of the lease. The purpose of these clauses was to permit the lessor to accept payment of the amount stipulated in the lease as rent after forfeiture of the term. The nonwaiver clauses are broad enough for such a construction and are equivalent to an express agreement at the time of the payment that such payment was without prejudice.
The charges for electric current from February 24th to April 20th, steam from February 20th to April 20th, and water from February 3d to April 21st, were received by the lessor, but the debtor was apparently authorized to pay these obligations by the order of April 20th, and a condition attached to that authorization was that such payment did not constitute an adoption of the leases. The appellant before and after the payment insisted on its right to terminate and the debtor had contracted that the lessor might accept the rent without thereby waiving the other breaches. The payment of charges for electricity and water clearly came within the meaning of the nonwaiver clauses, for the leases expressly provided that these items constituted additional rent, and it is reasonable to conclude that the debtor's liability for steam used on the premises is within the nonwaiver clauses permitting acceptance of rent payments after knowledge of a breach without waiving the breach.
The effect of accepting the payments must be viewed from the standpoint of the lessor, since it is the one against whom the intent to waive is asserted. If a debtor in possession is forbidden to affirm a lease without the order of the court (In re Walker, supra), it may not make payments qua rent without such order. The same would be true respecting charges under the lease including charges prior to the filing of the petition. If the court's order did not authorize the payment of charges in arrears *310 prior to the petition, the debtor had no right to pay them even for the purpose of keeping the leases alive, for no order had been entered authorizing the affirmance of the leases. Indeed, if the payments were unauthorized for any reason, the consequences might be that the appellant be required to return such payments. But that we need not now decide. It is clear that, if such portion of the rent had been designated as compensation for use and occupation, appellant's acceptance would not have effected a waiver of its right to terminate for the debtor's insolvency. Model Dairy Co. v. Foltis-Fischer, 2 Cir., 67 F.2d 704. Although the payment may be designated as rent, nevertheless it constitutes only compensation for use and occupation in the absence of the adoption of the lease.
There was insolvency within the meaning of the lease and there was no waiver. The appellant is entitled to an order for the surrender and possession of the premises.
Order reversed.
NOTES
[*] Writ of certiorari denied 58 S.Ct. 950, 82 L.Ed. ___.