**In re WISE SHOE CO., Inc.**

District Court, S. D. New York.

Dec. 22, 1938.

Wise, Shepard, Houghton & Lebett, of New York City (Arthur Peter and Arthur C. Keefer, both of Washington, D. C., of counsel), for applicants.

Bondy & Schloss, of New York City (David W. Kahn, of New York City, of counsel), for debtor.

PATTERSON, District Judge.

The application is by the executors and trustees under the will of Olivia D. Becker, deceased, for an order directing the debtor to surrender possession of premises in Washington, D. C. The questions are whether the applicants had the right to terminate a lease because of the debtor's insolvency, and whether there was a waiver of any such right.

The debtor operated a chain of retail stores, one of the stores being located in Washington, D. C. The premises in question were leased by Olivia D. Becker to the debtor by lease dated March 24, 1933. The term was ten years at an annual minimum rent of $12,000, with the usual clause for payment in monthly installments in advance on the first day of each month. The lease contained a provision that "in the event the tenant shall become bankrupt or insolvent or make an assignment for the benefit of creditors, then in that event this lease shall, at the option of the landlord, cease and determine * * *". On August 19, 1938, the debtor filed petition for reorganization under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, the petition declaring that the debtor was unable to meet liabilities in regular course. The petition was approved by the court on the same day, and the debtor was continued in possession of the estate with the powers of a trustee in bankruptcy and receiver in equity.

When the petition for reorganization was filed, August 19, 1938, the debtor had not paid the rent due August 1st. On August 25th it gave notice of the reorganization

proceeding to the executors and trustees of the Becker estate, who for convenience may be referred to as the lessors, and on August 29th it made payment of $1,000 by check, the check stating that it was "in full settlement for rent for August 1938". The check was collected by the lessors. At the time the debtor had no authority from the court to make payment of rent in arrears, but by order of September 7th authority was given to pay arrears existing at the time the petition was filed. This order was made without notice to lessors, on a showing by the debtor that most of the leases were for stores that normally showed profits, that the leases had clauses permitting termination in the event of insolvency, and that it would be to the advantage of all interested in the estate that arrears be paid so that the possibility of termination of leases might be avoided and waivers obtained from lessors.

There the matter rested until September 16th, when the debtor wrote the lessors, stating that through error the payment of August 29th had been made without order of court and proposing that that payment be deemed for the September rent and that another check for $1,000 enclosed with the letter be taken for the August rent, and proposing further that the lessors waive any right to terminate the lease because of the filing of the petition for reorganization. The lessors rejected the proposal, returned the check tendered to them, and sent a check of their own in refund of the first payment. At the same time, September 20, 1938, they gave formal notice that they elected to terminate the lease forthwith because the debtor had "become insolvent" within the meaning of the lease. After further maneuvers on each side the lessors brought the present application, demanding surrender of the premises.

The filing of the petition for reorganization on the ground that the debtor was unable to pay its debts in regular course was an admission that the debtor had "become insolvent" within the meaning of the lease. In re Walker, 2 Cir., 93 F.2d, 281; In re Wil-Low Cafeterias, 2 Cir, 95 F.2d 306, 115 A.L.R. 1184; certiorari denied 304 U.S. 567, 58 S.Ct. 950, 82 L.Ed. 1533. The leases in those cases were New York leases, while the lease here is a District of Columbia lease. There is no reason to believe, however, that the word "insolvent", used in a lease like that in this case, has a peculiar meaning in the District of Columbia. It has its ordinary meaning, inability to meet obligations as they become due. The lessors therefore had the right to terminate the lease.

The more serious question is whether the lessors waived the right to declare the lease terminated. No express waiver was given. But if the lessors by conduct recognized the lease to have continuance after knowledge of the breach of condition, the right to call it forfeited because of that particular breach was waived. The common case of waiver is the acceptance of rent accruing after condition broken, where the lessor has knowledge of the breach. Goodright v. Davids, 2 Cowp. 803; Dermott v. Wallach, 1 Wall, 61, 65, 17 L.Ed. 680; Ireland v. Nichols, 46 N.Y. 413. If, however, the rent accepted is rent that became due prior to the breach, the lessor does not concede that the lease continued in operation after the breach and there is no waiver. Price v. Worwod, 4 H. & N. 512; Jackson v. Allen, 3 Cow. 220. Where a lessee's property is in custody of court, payments made to the lessor by a receiver, trustee in bankruptcy or debtor in course of reorganization covering a period after custody taken and before an adoption of the lease are not payments of rent under the lease, but are in law payments for temporary use and occupation. It is settled law that the lessor's acceptance of such payments does not signify a continuance of the lease beyond a breach of condition, save perhaps in cases where the parties have treated the payments as if they were of ordinary rent. In re Walker, supra; Moore v. Risley, 9 Cir., 287 F. 10; Sproul v. Help Yourself Store Co., 3 Cir., 16 F.2d, 554; Model Dairy Co. v. Foltis-Fischer, 2 Cir., 67 F.2d, 704; Medinah Temple Co. v. Currey, 162 Ill. 441, 44 N.E. 839, 53 Am.St.Rep. 320; Fleming v. Fleming Hotel Co., 69 N.J. Eq. 715, 61 A. 157.

In the present case the money sent to the lessors on August 29th was labelled "rent for August" by the debtor in reorganization and was accepted by the lessors without protest or comment. And to. the extent that the payment covered the first nineteen days of August it was necessarily rent under the lease. But even if the entire payment be viewed as rent, the parties having apparently so viewed it, it was rent that had accrued on the first of August, prior to the breach of condition relative to solvency, and by the accepted rule the taking of rent accruing prior to the breach is not

a waiver. The debtor evidently realized that the lessors were not committed to a waiver by acceptance of the money sent on August 29th, for in its later letter the debtor asked for an express waiver. It follows that the lessors, by taking the payment made by the debtor on August 29th, did not waive their right to terminate the lease.

The debtor lays emphasis on the point that the lessors obtained payment in full for the first part of August, despite the fact that they were entitled, as to that part of the rent, only to such treatment as other general creditors of the debtor will ultimately get. But a similar situation was present in the Walker case, supra, a decision by the Circuit Court of Appeals of this circuit. In view of the Walker case this court may not give controlling weight to the point.

It is true that the authority given to the debtor by order of September 7th to pay rent in arrears regularized the payment made on August 29th. It was the equivalent of authority given in advance of the payment. The order permitted the debtor to make payment of rent in arrears in an effort to obtain waivers of forfeiture from lessors, but it did no more than this.

The application for an order to surrender possession will be granted. The order may be settled on five days' notice.