### In re FRANK.

District Court, S. D. New York.

Jan. 13, 1939.

Krause, Hirsch & Levin, of New York City, for trustee.

Lamar Hardy, U. S. Atty., of New York City (Samuel Brodsky, Asst. U. S. Atty., of New York City, of counsel), for the United States.

PATTERSON, District Judge.

The government filed claim against a bankrupt estate for $536.74 and interest, for tax liability under the Social Security Act, 42 U.S.C.A. § 301 et seq. The trustee in bankruptcy conceded that the claim was entitled to the priority given to taxes by section 64b of the Bankruptcy Act, 11 U.S.C.A. § 104(b). But the government demanded a better position for part of the claim. It asserted that to the extent of $96.23, the amount withheld by the bankrupt from her employees as their tax, there was a trust or lien attaching to the entire assets of the estate. The $96.23 admittedly could not be identified or traced into any specific property that came into the trustee's hands. The referee rejected the claim of a trust or lien against the entire estate.

The Social Security Act, in section 801, 42 U.S.C.A. § 1001, imposes a tax on employees of a percentage of their wages. By section 802, 42 U.S.C.A. § 1002, the tax "shall be collected by the employer of the taxpayer, by deducting the amount of the tax from the wages as and when paid. Every employer required so to deduct the tax is hereby made liable for the payment of such tax * * *". By section 807, 42 U.S.C.A. § 1007, certain provisions of the Revenue Act of 1934, among them section 607, are made applicable to the tax on employees. Section 607 of the Revenue Act of 1934, 26 U.S.C.A. § 1551, on which the government places its reliance, provides: "Whenever any person is required to collect or withhold any internal-revenue tax from any other person and to pay such tax over to the United States the amount

of tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose."

In this case the bankrupt withheld $96.-23 from her employees for their tax. She did not place the money in a special account or deposit. She used it as her own in her business, and the money cannot now be traced or followed into any particular property or asset in the bankrupt estate.

 The government's argument is that by force of section 607 of the Revenue Act of 1934 it has what in effect is a lien on the entire estate of one who is required by law to collect or withhold any tax from another person and who fails to make the required payment to the government. I find no merit in the argument. There are a number of instances in the tax law where the duty of collecting or withholding a tax in behalf of the government is cast upon a person. The courts had held that the collecting or withholding agent became a debtor to the taxing unit and that on his bankruptcy a claim for the taxes collected or withheld was not entitled to priority. See In re Wyoming Valley Ice Co., D.C. Pa., 145 F. 267; Nolte v. Hudson Navigation Co., 2 Cir., 8 F.2d 859; In re Lazaroff, 2 Cir., 84 F.2d 982, reversed on another ground, 299 U.S. 522, 57 S.Ct. 321, 81 L. Ed. 384. Section 607 of the 1934 Act changed the situation by making the collecting or withholding agent a trustee for the government. If the agent holds the taxes as a separate fund, which is his plain duty as a trustee, there will be no difficulty in collection of the entire fund by the government where the agent becomes insolvent. If he fails to keep the collected or withheld taxes separate, the government, like any other beneficiary of a trust, may follow the diverted fund into any property to which it may be traced. But where the taxes collected or withheld are not kept separate and cannot be traced, there is nothing to take the case out of the prevailing rule in trusts that a beneficiary who cannot find the trust property has no lien or charge spread over the entire estate of the faithless trustee. Schuyler v. Littlefield, 232 U.S. 707, 34 S.Ct. 466, 58 L.Ed. 806; Hewitt v. Hayes, 205 Mass. 356, 91 N.E. 332, 137 Am.St.Rep. 448;

Matter of Hicks, 170 N.Y. 195, 63 N.E. 276. So there is nothing in the trust relationship created by section 607 that gives rise to the alleged lien against the bankrupt estate.

 Section 607 goes on to provide that as to moneys so collected or withheld the government shall have the same remedies as are available in respect to the taxes out of which the fund arose. This provision would seem to give the government, as to taxes collected or withheld by an agent who later becomes bankrupt, the advantage of the priority allowed to claims for taxes under the Bankruptcy Act, the prior rule having been that the priority for tax claims did not cover claims for taxes collected or withheld by the bankrupt as agent. Here again there is nothing to indicate that Congress intended to create a lien on the assets of the bankrupt estate.

The referee was right in holding that the United States had no lien or "trust" embracing the entire assets of the bankrupt estate, and his order will be affirmed.