**In re WIL–LOW CAFETERIAS, Inc.**

No. 68015.

District Court, S. D. New York.

Oct. 24, 1940.

Otterbourg, Steindler & Houston, of New York City (Arnold A. Jaffe, of New York City, of counsel), for trustee.

John T. Cahill, U. S. Atty., of New York City (Noel Hemmendinger, Asst. U. S. Atty., of New York City, of counsel), for the United States.

William C. Chanler, Corp. Counsel, of New York City (Sol Charles Levine and Meyer Bernstein, both of New York City, of counsel), for City of New York.

COXE, District Judge.

These are petitions by the United States and the City of New York to review orders of a referee in bankruptcy.

On April 20, 1937, Wil-Low Cafeterias, Inc., filed a petition for reorganization under former Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, which petition was approved by order of this court dated April 20, 1937, and that order allowed the debtor temporarily to remain in possession of its assets and to continue its business.

The order of April 20, 1937, authorized the debtor " * * * in its discretion and subject to the approval of this Court, to appoint and employ such managers, agents, employees, servants, accountants, attorneys and counsel as may in its judgment be advisable or necessary in the management, conduct, control or custody of the affairs of the debtor and the subsidiary companies and of the assets thereof, and to make such payments and disbursements as may be needful or proper for the purposes aforesaid or otherwise for the preservation of the properties of the debtor, including authority to make payment of debts entitled to priority and of the wages and salaries of agents, employees, laborers and servants of said debtor, and of the expenses and charges of the successor trustees and their counsel, accrued or to accrue, which are entitled to priority by statute, or which the debtor shall deem to be necessary or expedient to pay to secure the continuation of their services or to avoid detriment to the working organization of the business".

.Subsequent to the filing of the petition and on various dates between April 30, 1937, and April 29, 1938, the debtor in possession paid the United States the sum of $3,483.04 on account of taxes which had accrued prior to the filing of the petition. Of that sum, $2,222.34 represented payment of taxes due under Title VIII of the Social Security Act, 42 U.S.C.A. § 1001 et seq., for the months of March and April, 1937. The debtor in possession also paid the City of New York the sum of $2,810.-19 on June -17, 1937, for business taxes, which sum on the debtor's books represented payment of a tax of $889.92 which had accrued prior to April 20, 1937, and payment of a tax of $1,921.27 on business done from April 20, 1937, to June 15, 1937; it further paid the City of New York the sum of $298.01 on July 16, 1937, for sales taxes which had accrued from April 1, 1937, to April 20, 1937, and the sum of $442.92 on August 3, 1937, for water taxes of $435.30 for the period from November 17, 1936, to March 4, 1937, plus interest thereon of $7.62.

On June 7, 1937, an order was made by this court continuing the debtor in possession, and approving the filing by it, on May 17, 1937, of a summary report of operations in compliance with subdivision (4) of subsection c of former Section 77B. Exhibit B of the summary report of operations listed disbursements of $2,901.-61 "on account of taxes due at 4/20/37", and the report itself referred to the fact that some taxes which had accrued prior

to April 20 had been paid. However, there was nothing in the summary report or in any schedule annexed thereto which indicated to whom the taxes had been paid.

The City of New York has stipulated that the payments made by the debtor in possession "were made voluntarily by or on behalf of the debtor in possession and were not authorized by any specific order of this Court".

There is no showing that the debtor prior or subsequent to the filing of the petition collected City sales taxes and held such taxes as a separate fund nor that the taxes can be traced. There is also no showing that the debtor collected or withheld the employees' social security taxes under Title VIII.

On June 7, 1938, an order of liquidation was entered. It now appears that the estate is insufficient to pay any dividends to creditors; there is not enough even to pay the administration expenses, including in that term the debts of the debtor in possession.

The trustee concedes that the City has a claim against the estate in the amount of $889.94 representing the balance due on sales taxes which accrued from April 20, 1937, to June 7, 1938, after crediting a payment of $915.15 made by the debtor in possession to the City on July 16, 1937, and that the City has a claim for business taxes in the sum of $2,444.97 on business done from July 1, 1937, to June 7, 1938. The trustee also concedes that the sum of $3,171.35 is the correct amount of the business tax which became due and payable on June 15, 1937, for the privilege of doing business from July 1, 1936, to April 20, 1937, if the City's petition with respect to this item is sustained.

The trustee sought before the referee to compel the United States and the City of New York to refund the amounts received by them on account of claims in existence at the date of the filing of the petition, and to make such refunds conditions to the allowance of their respective claims for taxes which accrued during the operation of the business by the debtor in possession. The City by cross-motion sought to compel the trustee to pay its claims for current taxes.

The trustee did not challenge the payments made by the debtor in possession after the filing of the petition for taxes accruing thereafter. The payment of such taxes was clearly proper. Standard Oil Co. v. Grand Rapids Trust Co., 6 Cir., 98 F.2d 207; Kennebec Box Co. v. O. S. Richards Corp., 2 Cir., 7 F.2d 290.

The referee ordered that the claim of the United States for current taxes filed in the sum of $857.62, as well as any other claims filed, be abated and expunged unless there is paid to the trustee the sum of $3,483.04, and that the claim for old and current taxes filed by the City of New York be abated and expunged "in such amounts as to effect an equitable distribution under the bankruptcy act", unless there is paid to the trustee the sum of $3,543.50. The referee also ruled that if such sum is paid to the trustee, the City of New York shall be deemed to have a valid and subsisting claim against the debtor in possession in the sum of $3,873.84. The City's cross-motion was denied.

The referee by his order ruled that the payment of $2,810.19 made to the City of New York on June 17, 1937, was for a tax which had accrued prior to the filing of the petition, and that the business tax liability of the debtor in possession on business done between April 20, 1937, and June 30, 1937, amounted to $538.93.

The United States contends (1) that the bankruptcy court is without jurisdiction to grant the relief sought by the trustee since the United States may not be sued without its consent and the motion of the trustee is equivalent to a suit against the United States; (2) that the payments to it were not in violation of the Bankruptcy Act; (3) that no recovery may be had against the United States because there is nothing in the act which permits a recovery under the circumstances existing here; and (4) that the taxes consisted in part of trust funds which never belonged to the estate.

The City of New York contends that the referee's order is invalid because in violation of the Eleventh Amendment of the Federal Constitution, and that the payments made to it by the debtor in possession were legally and properly made under the Bankruptcy Act. The City also challenges the conclusion of the referee that the payment of $2,810.19 was made on account of business tax which had accrued prior to the filing of the petition, and asserts that the correct business tax liability on business done from July 1, 1936, to April 20, 1937, is $3,171.25, and that such

968

tax liability should be deemed a current claim against the debtor in possession since the tax was not due and payable until June 15, 1937. Finally, in support of its cross-motion, the City urges that it is entitled to payment of sales taxes accruing after the filing of the petition on the theory that such taxes consisted of trust funds.

■ There was no authority to pay old claims of the United States and the City of New York. The debtor was authorized, subject to the approval of the court, to make such payments and disbursements, including authority to make payment of debts entitled to priority, as might be needful or proper in the management, conduct, control or custody of its affairs and of the subsidiary companies and of the assets thereof or otherwise for the preservation of its properties. It is plain that the payments on account of old claims were not needful nor proper for the purposes mentioned or otherwise for the preservation of the debtor's properties. Cf., In re Avorn Dress Co., 2 Cir., 78 F.2d 681, 29 A.B.R.,N.S., 586; Haines v. Buckeye Wheel Co., 6 Cir., 224 F. 289.

There was no approval of the payments. The order of June 7, 1937, was entered after a hearing held for the purposes of determining whether the debtor should be continued in possession, and it is clear that the court did not intend by its order to approve the disbursements made by the debtor in possession which were summarized in its report of operations.

■■ There is no merit in the contention of the United States and the City that the bankruptcy court lacks jurisdiction. The bankruptcy court has full equitable jurisdiction in the collection and distribution of the assets of bankrupts and the determination of controversies with relation thereto, and it may enter such judgments " 'as may be necessary for the enforcement of the provisions' of the act." Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 244, 84 L.Ed. 281. It has undoubted power to require the refunds of the unauthorized payments as conditions to the allowance of the respective claims of the United States and the City of New York. Cf. In re Lilyknit Silk Underwear Co., 2 Cir., 73 F.2d 52, 26 A.B.R.,N.S., 662. See, also, Matter of Wil-Low Cafeterias, 2 Cir., 95 F.2d 306, 115 A.L.R. 1184.

■ The City of New York had no lien or trust with respect to sales taxes accruing prior or subsequent to the filing of the petition covering the entire assets of the debtor's estate, and the United States had no such lien or trust with respect to the employees' social security taxes. In re Frank, D.C., 25 F.Supp. 1005, 39 A.B.R.,N.S., 697.

■ The unpaid claims of the United States and the City of New York which accrued subsequent to April 20, 1937, are on a parity with all other expenses of administration, and have no priority in payment over such other administration expenses. Bankruptcy Act, Section 64, sub. a (1), 11 U.S.C.A. § 104, sub. a (1); In re Lambertville Rubber Co., 3 Cir., 111 F.2d 45, 42 A.B.R.,N.S., 697.

■ The referee was right in holding that the City's business tax for the period from July 1, 1936, to April 20, 1937, was a claim which accrued prior to the filing of the petition. The liability for that tax existed on April 20, 1937, despite the fact that the tax was not payable until June 15, 1937. Accordingly, the business tax for that period cannot be deemed to be a current tax.

■ The referee was wrong, however, in computing the business tax from April 20, 1937, to June 30, 1937, by treating the debtor as having continued in business until June 30, 1937, and by taking the prorated portion of the business tax liability for the period from July 1, 1936, to June 30, 1937. The debtor in possession, by virtue of the order of April 20, 1937, held a position analogous to a receiver in equity. In re Avorn Dress Co., 2 Cir., 78 F.2d 681, 29 A.B.R.,N.S., 586; In re Walker et al., 2 Cir., 93 F.2d 281, 35 A.B. R.,N.S., 699. It was vested with the title of a trustee appointed pursuant to § 44 of the Bankruptcy Act, 11 U.S.C.A. § 72. (former section 77B, sub. (c). Federal receivers and trustees, and other officers and agents of federal courts, are required, under heavy penalties for wilful violation, to conduct business according to the laws of the state "in the same manner that the owner or possessor thereof would be bound to do if in possession". In re Preble Corp., D.C., 15 F.Supp. 775, 776, 31 A.B.R.,N.S., 564. For the purposes of the business tax, the debtor ceased to do business on April 20, 1937, and the debtor in possession as a separate entity continued the operation of the business, and by virtue thereof subjected itself to liability for the City's business tax.

The record does not support the conclusion of the referee that the payment of $2,810.19 represented payment of business tax which had accrued prior to the filing of the petition. Testimony should be taken to determine what that payment represented.

The orders under review went too far; all that was necessary was to provide that the payments on the old claims should be credited against any distributable dividends on the respective claims of the United States and the City for taxes accruing after the filing of the petition.

The matter is remitted to the referee, with instructions to proceed in conformity with this opinion.