### In re NEW BEDFORD REST, Inc.
### No. 36343.

District Court, E. D. New York.

Aug. 12, 1941.

William C. Chanler, Corp. Counsel, of New York City (Sol. Charles Levine and Morris L. Heath, both of New York City, of counsel), for petitioner, for the motion.

Jacob Frummer, of Brooklyn, N. Y., for Trustee, opposed.

CAMPBELL, District Judge.

This is a hearing on the petition of the City of New York, a creditor of the above mentioned bankrupt, to review the order of the Referee dated June 10, 1941, which directed the payment of the City's claim for sales taxes, which accrued during the period of reorganization, to be made on a parity with other administration expenses, and further directing that a payment made by the Debtor, while in possession and conducting the business under the order of the Court, of $250.00 should not be credited on the tax which accrued prior to the filing of the petition under Chapter XI, 11 U.S.C.A. § 701 et seq., but to the tax which accrued subsequent to that time.

First considering the $250 paid by the Debtor, while conducting business under the order of the Court, if that payment is to be considered as made by the Debtor on account of sales taxes which accrued and were collected by the Bankrupt prior to the filing of the petition under Chapter XI on January 19, 1939, then it was an unauthorized payment, and would have to be credited against any distributable dividends hereafter declared and paid on the claim to the City of New York. Matter of Wil-Low Cafeterias, Inc., D.C., 35 F.Supp. 965. But I agree with the Referee that it should be considered as paid on account of the taxes accrued, and collected by the debtor subsequent to January 19, 1939, reducing the amount thereof to $1,932.94.

Second considering the question of priority, the Trustee after the adjudication of the Debtor as a Bankrupt received in cash but $7.30 from the debtor bankrupt, the balance in its bank account.

The Trustee received in refunds from the Brooklyn Edison Company $82.80 and from the New York State Insurance Fund $62.-66.

The remaining property received by the Trustee was the proceeds of the sale of chattels and equipment of the bankrupt, by reason of the adjudication, on the application of the Trustee, that the chattel mortgage upon such chattels and equipment was invalid, and void as against him, but the lien thereof was preserved for the benefit of the estate.

The United States of America, the State of New York, merchandise creditors, wage earners and the landlord as well as the petitioner, the City of New York, for sales taxes, have filed claims which accrued during the debtor's administration under the order of the Court, which amount in the aggregate to $3,147.14 and exceeds substantially the balance in the hands of the Trustee.

The moneys which came into the hands of the Trustee through the invalidation of the chattel mortgage are available for the payment of the administration expenses of both the Debtor, and bankruptcy proceedings, but is not sufficient to pay such expenses in full.

The City is not entitled to have its claim for sales taxes, which accrued during the period that the debtor was administering the estate under the order of the Court, granted priority over all other administration expenses, whether incurred during the debtor's administration, or in the bankruptcy proceedings.

The City contends that the debtor in possession was in effect an officer of the Court, and that the sales tax moneys collected and

converted by it, was a charge upon all of the assets of the debtor in the custody of the Court.

Substantially all of the moneys now in the hands of the Trustee did not come to him through the bankrupt, but by reason of the invalidation of the chattel mortgage by the Court, on the application of the Trustee, by reason of his subrogation to the rights of creditors.

The sales taxes collected by the bankrupt, as debtor in possession, were not kept separate and cannot be traced, therefore, the claim of the City of New York for priority over other administration expenses cannot be sustained. Matter of Wil-Low Cafeterias, Inc., supra; Matter of Frank, D. C., 25 F.Supp. 1005. See In re Independent Automobile Forwarding Corp., 2 Cir., March 17th, 1941, 118 F.2d 537.

As to the claim of the City for sales taxes collected by the bankrupt prior to January 19, 1939, the date of the filing of the petition under Chapter XI, the City is entitled to priority over the general claims of creditors. City of New York, Petitioner, v. Michael Feiring, Trustee in Bankruptcy of National Studios, Inc., May 26, 1941, 61 S.Ct. 1028, 85 L.Ed. ——.

As to the claim of the City of New York for sales taxes collected by the bankrupt as debtor in possession, its claim is for taxes (City of New York, Petitioner, v. Michael Feiring, Trustee in Bankruptcy of National Studios, Inc.,) and not for money collected and converted, and is on a parity with all other expenses of the debtor's administration. In re Wil-Low Cafeterias, Inc., supra.

The motion is denied.