## In re OCEANIC SHIP SCALING CO., Inc.
### No. 47321.

United States District Court
E. D. New York.
July 6, 1951.

Opinion Aug. 28, 1951.

Louis P. Rosenberg, Brooklyn, N. Y., for trustee.

Frank J. Parker, U. S. Atty. Eastern District of New York, Brooklyn, N. Y., Nathan Borock, Asst. U. S. Atty., Brooklyn, N. Y. (Henry C. Clark, Sp. Asst. to Chief Counsel, Bureau of Internal Revenue, Washington, D. C., and Harold W. Felton, Sp. Asst. to Chief Counsel, Bureau of Internal Revenue, New York City, of counsel), for respondent.

CASTELLANO, Referee.

The Collector of Internal Revenue, First District of New York has filed two claims for the calendar year 1947 under the Federal Unemployment Tax Act, 26 U.S.C.A. § 1600 et seq., for $1497.42 and $2955.72. The total sum claimed for F. U. T. A. taxes is $4453.14. The Collector asks that the same be allowed as Administration Expense claims. The trustee objects to such allowance and classification, and seeks an order disallowing the claims as Administration Expense claims, and allowing the same as priority claims only under Section 64 of the Bankruptcy Act, 11 U.S.C.A. § 104, or that the claims be allowed as Administration expense claims for such portion thereof as arose for calendar year 1947 after the filing of the petition under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., by the debtor on November 14, 1947, and allowed as priority

claims under Sec. 64, sub. a(4) of the Bankruptcy Act for the portion of taxes which accrued on November 14, 1947.

The parties under stipulation dated June 20, 1951 have agreed upon the facts. Upon the record of hearings held February 21, 1951, March 26, 1951, and the stipulation, I find that a petition under Chapter XI of the Bankruptcy Act was filed by the bankrupt herein on November 14, 1947. No plan was affected. Adjudication in bankruptcy was entered September 23, 1948. The business of the debtor was continued by the debtor in possession after the filing of the petition to the approximate date of the adjudication, and during this period it had eight or more employees. The funds and assets of the estate are insufficient to pay all Administration Expense claims and all priority claims allowed under Section 64 of the Bankruptcy Act in full, and it is uncertain at this time to determine whether all claims for administration expenses can be paid in full.

It is not denied that the debtor was an employer as defined by the statute and was subject to the provisions of the statute for the period commencing January 1, 1947 up to November 14, 1947 when it filed the petition under Chapter XI of the Act, and that taxes for this period are entitled to priority under Section 64, Sub. a(4) of the Bankruptcy Act. The sole issue here is whether the Government is entitled to have the total of the claims which arose during the calendar year 1947, both prior to and after the filing of the petition, allowed as administration expense claims for the full amount, upon the theory that a claim for taxes under the statute involved "cannot be split", because it is a tax on total wages paid by the employer during a calendar year. The statute reads as follows:

26 U.S.C.A. § 1600 "Rate of Tax

"Every employer (as defined in section 1607 (a)) shall pay for the calendar year 1939 and for each calendar year thereafter an excise tax, with respect to having individuals in his employ, equal to 3 per centum of the total wages (as defined in section 1607(b)) paid by him during the calendar year with respect to employment (as defined in section 1607(c)) after De-cember 31, 1938. 53 Stat. 183, as amended Aug. 10, 1939, c. 666, Title VI, § 608, 53 Stat. 1387."

The trustee argues that the tax claims under F.U.T.A. being a tax on payroll, is not an annual indivisible tax for the privilege of doing business, and it is one which may be computed and split. He concedes that taxes and claims which arise after the filing of the petition by reason of the operation of the business by a debtor-in-possession are expenses of administration which have a priority status over all claims existing upon the filing of a petition under Chapter XI, and upon liquidation by the trustee in bankruptcy such priority status must be recognized, and all claims in this class must be treated on a parity. Matter of willow Cafeterias Inc., D.C., 35 F.Supp. 965. A trustee operating the business or a debtor-in-possession who pays claims existing prior to the bankruptcy proceeding does so at his peril, and in the event of subsequent liquidation the funds are insufficient to pay administration expense claims incurred by such operation, he will be surcharged for the amount paid on prior existing claims. Matter of Lambert-ville Rubber Co., 3 Cir., 111 F.2d 45.

If the tax claims here be in the class of a franchise or privilege tax, the debtor-in-possession by reason of its operation of the business would be deemed to have incurred such liability by reason of operation of the business for a period during the year when the franchise tax accrued. However, the statute here creates no such liability. We have a tax imposed on total wages paid during a certain period called the calendar year. The calendar year is the period for the employer to consider in computing his tax liability. This bankrupt was obliged to file his return and pay the tax of 3% on the total wages it paid during 1947.

The unreported Referee's decision in the matter of Demos Cafe Inc., bankrupt, No. 10373 United States District Court, Western District of Michigan, Southern Division, on facts similar to the case at bar, and holding that the calendar year or the twelve month period set forth in the statute was an indivisible tax period for the purpose of tax and return, and allowing the claim for

F.U.T.A. taxes for the period prior to and after the filing of the petition as an Administration Expense, is not persuasive. The authorities therein cited are In re Thornycroft Inc., 2 Cir., 120 F.2d 469; People of State of Michigan v. Michigan Trust Co., Receiver, 286 U.S. 334, 52 S.Ct. 512, 76 L.Ed 1136, and State of Missouri v. Earhart, 8 Cir., 111 F.2d 992. The first and second case cited deal with the question of franchise taxes imposed by State statutes on corporations for the privilege of doing business. The Missouri case deals with the matter of allowing the state unemployment tax claims incurred while the debtor operated its business under Court order, as an expense of administration but denied it priority over other expenses of administration.

It cannot be urged here that F. U. T. A. taxes can be considered in the same class as annual franchise taxes which would be a proper expense of administration if incurred by the debtor-in-possession through operation of the business during any portion of the taxable year. We are confronted only with a tax on payroll, paid by an employer during the calendar year. The liability of the bankrupt during the calendar year involved can be ascertained for the period January 1, 1947 to November 14, 1947. Likewise, any liability of the debtor-in-possession for the remainder of the calendar year can be ascertained.

In conclusion I am of the opinion that the two claims filed herein by the Collector of Internal Revenue for the year 1947 must be and are hereby disallowed as administration expense claims.

Said claims are allowed as priority claims under Section 64, sub. a(4) of the Bankruptcy Act, with leave to the Collector of Internal Revenue to file an amended claim or claims setting forth any portion thereof as an expense of administration for payroll tax accruing after November 14, 1947 and up to December 31, 1947.

RAYFIEL, District Judge.

This is a motion by the trustee in bankruptcy to dismiss a petition by the United States of America to review an order of Referee in bankruptcy Louis J. Castellano.

On November 14, 1947, the Oceanic Ship Scaling Co. Inc. filed a petition for an arrangement pursuant to Chapter XI of the Bankruptcy Act. The debtor was continued in possession under an order of this Court. On September 23, 1948, it was adjudicated a bankrupt.

On December 3, 1947, the Collector of Internal Revenue for the first District of New York filed claims for Federal Unemployment Taxes, 26 U.S.C.A. §§ 1600–1611, and thereafter from time to time filed supplemental claims therefor. There now exist two claims, totaling $4,453.14.

A stipulation was entered into between the parties on June 20, 1951, setting forth the question to be determined in this matter and the respective positions of the parties hereto. The stipulation reads: "The Collector of Internal Revenue seeks to have the 1947 F.U.T.A. claims, together with interest thereon from the dates appearing on the proofs of claim, allowed in full as Administration Expense Claims. The trustee under his objections filed February 9, 1951, seeks an order disallowing the said claims as Administration Expense Claims and allowing payment thereof as priority claims under Section 64 of the Bankruptcy Act, or in the alternative, for on order allowing as an Administration Expense claim, that portion of the claims arising from payroll payments made between November 14, 1947 and December 31, 1947, and, with respect to the balance of the claims, to allow payment thereof under section 64 of the Bankruptcy Act."

It is conceded by the trustee that all taxes and other expenses which arose by reason of the operation of the business by a debtor in possession after the filing of the petition under Chapter XI are expenses of Administration, and that they have a priority status over all claims existing upon the filing of the petition; he concedes further that all claims in this class must be treated on a parity, and that upon liquidation by a trustee in bankruptcy this priority status must be recognized. Matter of Willow Cafeterias Inc., D.C., 35 F.Supp. 965.

The Referee has found that the Federal Unemployment Taxes are divisible; that the tax on the debtor's payroll from Janu-

ary 1, 1947, to November 14, 1947, is readily ascertainable by multiplying the aggregate wages paid to the employees during that period by three one-hundredths. He has disallowed as expenses of administration the claims of the Collector of Internal Revenue for the year 1947. He has allowed the said claims as priority claims under sec. 64, sub. a(4) of the Bankruptcy Act, granting leave to the Collector to file an amended claim, setting forth any portion thereof as an administration expense for payroll taxes accruing between November 14, 1947, and December 31, 1947.

I agree with the finding of the learned Referee. I disagree with the contention of the United States Attorney that because sec. 1600 et seq. of the Internal Revenue Code speaks of "calendar year" or "taxable year" that the tax for the year is not divisible and must be paid by the trustee as an administration expense for the entire year 1947 in spite of the fact that the Chapter XI proceeding was filed on November 14, 1947. I agree with Referee Castellano that the amount of the tax for any specific period is computable by simple arithmetic and that the said tax is readily distinguishable from the corporate franchise tax, the law creating which provides for a mandatory minimum payment for the privilege of doing business, the remainder, if any, being based on the annual business done.

Accordingly the motion to dismiss the petition for review is granted.

Settle order on notice.