**GERAGHTY**

v.

**KIAMIE FIFTH AVENUE CORP.**
No. 78, Docket 22818.

United States Court of Appeals
Second Circuit.

Argued Dec. 18, 1953.

Decided Feb. 2, 1954.

Charles Gottlieb, New York City, for respondent-appellant.

Irving Parker, New York City (Simpson, Thacher & Bartlett, New York City, Edward R. Farley, Jr., Brighton, N. Y., and Walter A. Lubanko, New York City, on the brief), for petitioner-appellee.

Before CLARK, FRANK, and HINCKS, Circuit Judges.

CLARK, Circuit Judge.

This appeal challenges the validity of a restraining order, issued by a referee in bankruptcy in reorganization proceedings of Huyler's, whereby appellant as landlord was prevented from terminating its lease to Huyler's for breach of condition.

On April 3, 1951, Huyler's filed a petition in the district court praying for an arrangement pursuant to Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. On the same day a referee entered an order authorizing the debtor to adopt its leases, among which was the lease here in issue from appellant, Kiamie Fifth Avenue Corporation, dated January 31, 1950, letting certain premises to Huyler's for a term of 10 years for 7 per cent of the latter's gross sales, with a $12,000 yearly minimum. Also on the same day the debtor caused to be prepared and sent to its general creditors and landlords a letter notifying them of the filing of the petition. The letter stated *inter alia* that:

"(3) Huyler's, as Debtor in possession, will continue to operate its business in the ordinary course under its present management, and will collect all existing receivables due Huyler's, administer the assets *and continue to incur the usual and ordinary obligations for rent * * *.*

"(5) *Leases upon store and factory properties are not affected by this proceeding.*" (Emphasis supplied.)

This letter was received by appellant in due course shortly after its dispatch on April 3.

The filing of the petition was a breach of a condition of the lease, entitling appellant, within a reasonable time after notice, to cancel.[1] The letter constituted notice of the breach and, we think, of the referee's order of adoption of the lease.[2] Thereafter debtor sent appellant its checks for each of the months of April, May, June, July, and August in the amount of the minimum monthly rental, which appellant accepted and deposited. The excess rental was to be computed semiannually, and there became due on July 31, 1951, the sum of $635.19 which was not paid. Further, the September minimum rent was not paid when due.

On September 18, 1951, the referee appointed a receiver, who duly notified appellant of his appointment. Subsequent to this notice, on September 21, appellant's attorney wrote the receiver:

"Please be advised that I represent Kiamie Fifth Avenue Corp., the owner of 286 Fifth Avenue, New York City, which store is occupied by Huyler's. No rent or water charges have been paid for the month of September 1951, totalling $1020.00.

"Please be advised that unless we are in receipt of this rent by return mail and on the first of each and every month in advance, we shall commence summary proceedings to dispossess."

On September 28 the receiver countered:

"In the meantime, until we can make satisfactory arrangements to pay the rent that is now due and owing in full, we want to pay as much of the rent as our limited resources will permit. We have, therefore, determined to pay you the rent due and owing since the receiver was appointed, and during which time he has been operating the business. Such period of time is slightly less than half of the month. In view of the fact, however, that in almost all cases there is at least one month's rent due, we are enclosing herewith a check for one half of September rent.

"We intend to pay the October Rent in full in due course, and as soon as possible make arrangements for the balance of the rent due you for September and any prior period."

Debtor tendered checks for $500 on September 28, for $433.34 on October 8, and for $500 on October 15, together totaling the amount of rent due from September 18, when the receiver took office, to November 1—all of which were accepted by appellant. Ten days later,

1. Clause 22(b) of the lease reads as follows:

"(b). If at the date fixed as the commencement of the term of this lease or if at any time during the term hereby demised there shall be filed by or against Tenant in any court pursuant to any statute either of the United States or any State a petition in bankruptcy or insolvency or for reorganization or for the appointment of a receiver or trustee of all or a portion of Tenant's property or if Tenant make an assignment for the benefit of creditors, this lease, at the option of the Landlord, exercised within a reasonable time after notice of the happening of any one or more of such events, may be cancelled and terminated and in which event neither Tenant nor any person claiming through or under Tenant by virtue of any statute or of an order of any court shall be entitled to possession or to remain in possession of the premises demised but shall forthwith quit and surrender the premises and Landlord, in addition to the other rights and remedies Landlord has by virtue of any other provision herein or elsewhere in this lease contained or by virtue of any statute or rule of law, may retain as liquidated damages, any rent, security, deposit or moneys received by him from Tenant or others in behalf of Tenant."

2. It is disputed that this constituted adequate notice of adoption; but, though not entirely unambiguous, we deem it sufficient to put appellant on notice. The order of adoption was a matter of public record.

on October 25, appellant served notice of its election to cancel the lease by reason of debtor's breach of condition and failure to pay rent when due. On October 29 the receiver brought this petition before the referee, seeking a permanent injunction against the threatened cancellation.

Appellant relies primarily on Clause 29 of the lease, which reads in part as follows:

"The receipt by Landlord of rent with knowledge of the breach of any covenant of this lease, shall not be deemed a waiver of such breach. No provision of this lease shall be deemed to have been waived by Landlord, unless such waiver be in writing signed by Landlord."

But assuming the validity of this clause, there remain several questions. Clause 22(b), quoted in footnote 1 supra, required appellant to exercise its option to cancel within a reasonable time of notice of the breach. Though the clause negatives appellant's acceptance of rent as a waiver, still appellant waited nearly seven months from notice of the bankruptcy and adoption of the lease before making its election. The inference is not unreasonable that it originally chose to continue the relationship, see In re Sound, Inc., 7 Cir., 171 F.2d 253, certiorari denied Atwell Bldg. Corp. v. Sound, Inc., 336 U.S. 962, 69 S.Ct. 892, 93 L.Ed. 1114, and later changed its mind. Appellant asserts, however, that the appointment of a receiver in September constituted an independent breach, and hence its notice to terminate was certainly timely. There is considerable doubt whether this proposition is valid, especially where the debtor has been placed in possession by a referee's order on the day that the original petition was filed. See In re Walker, 2 Cir., 93 F.2d 281. We need not decide this issue, however, since we dispose of the case on another basis.

On September 21, 1951, acting with notice of both the alleged breaches and the adoption of the lease, appellant sent its letter demanding rent and clearly implying that on payment all would be well. This was quite obviously an offer to waive the breach. Had its terms been met we think it beyond question that this was a writing adequate to satisfy both the no-waiver clause and the provisions of N.Y. Real Property Law § 279(1), McK.Consol.Laws, c. 50, dispensing with the need of consideration for a modification of a contract which is in writing and signed by the promisor or his agent. A difficulty arises, however, because the actual payment tendered was insufficient to meet the terms stated. Receiver's letter of September 28, 1951, must be taken as a counter offer of part of the September rent—that accruing after the receiver's appointment—accompanied by prompt tender.

 Hence the acceptance of the September and October checks must be viewed against the background above recounted. When so viewed it does not constitute the simple receipt of rent contemplated by Clause 29 in denying effect to a rent payment. On the contrary, it constitutes an acceptance of receiver's counter offer, and as such must import a waiver of all earlier breaches. It would be unreasonable to require that appellant write back, "I accept your offer"; its endorsement of the checks is sufficient signing to satisfy the no-waiver clause and, when taken with the signed letter of September 21, is enough to satisfy N.Y. Real Property Law § 279(1) supra. See Raleigh Associates v. Henry, 302 N.Y. 467, 99 N.E.2d 289; Mermelstein v. Realty Associates Securities Corp., 272 App.Div. 205, 69 N.Y.S.2d 763. Nor does N.Y. Real Property Law § 282, prohibiting modification of a written contract by oral executory agreement, require any different result. We do not think that the contract was modified, for by its terms it contemplated the type of waiver here found; but if this be a modification, it is by executed, not executory, agreement; and in any event we have the required writing. See discussion of these statutory changes in

N.Y. Law Revision Com'n, 1941 Report, Recommendations and Studies 345–414, and cf. id. 1951 Rep. 659–678.

Upon this conclusion the right to terminate the lease upon filing of a bankruptcy petition or appointment of a receiver has been waived. Hence the current attempt to forfeit the estate cannot succeed.

**Order affirmed.**