B. J. M. REALTY CORPORATION,
Petitioner-Appellant,

v.

Joseph F. RUGGIERI, Trustee, Dilbert's
Quality Supermarkets, Inc., Debtor,
Appellees.

No. 163, Docket 28428.

United States Court of Appeals
Second Circuit.

Submitted Nov. 8, 1963.

Decided Dec. 11, 1963.

On Rehearing Jan. 14, 1964.

Benjamin Masor, New York City, for petitioner-appellant.

Daniel A. Shirk and Joseph Jaspan, Brooklyn, for appellees.

Before WATERMAN, MOORE and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

This is an appeal from an order of the District Court for the Eastern District of New York entered by Judge Matthew T. Abruzzo, denying the appellant-landlord's petition to require the debtor and its trustee in a Chapter X reorganization proceeding to vacate the leased premises. The District Court denied the motion on the ground that the landlord, by accepting certain payments from the debtor, had waived his right under the lease to terminate the tenancy. We hold the finding of waiver clearly erroneous on the evidence before the court and reverse and remand for a full hearing on the landlord's petition.

The premises were leased to the debtor on May 5, 1954 for fifteen years at a monthly rental of $1\frac{1}{4}\%$ of the lessee's gross income up to $2 million and $1\frac{1}{2}\%$ of any income in excess of that amount. A minimum monthly rental of $1250 was guaranteed, payable in advance on the first of each month. Paragraph 17 of the lease provided that: "If the tenant shall file a petition in bankruptcy, * * or take advantage of any insolvency act, the Landlord may, if the Landlord so elects, at any time thereafter, terminate this lease and the term hereof, on giving to the Tenant five days' notice in writing of the Landlord's intention so to do. * * *" On November 21, 1962 the tenant-debtor filed a petition under Chapter XI (later converted to Chapter X) of the Bankruptcy Act. The landlord apparently visited the debtor in December of 1962 or early in January of 1963 and orally asked that the premises be vacated. On January 11, 1963 the debtor gave some confirmation of these visits by writing the landlord, asking for patience and promising to reorganize the lease. On January 25, 1963 the landlord served written notice of his intention to exercise the forfeiture provision in the lease, asking the debtor to be out by January 31, 1963. On February 4, 1963 the landlord moved for a court order requiring the debtor to vacate the premises, but for procedural reasons the motion was marked off the calendar without prejudice. On April 11, 1963 this petition was filed.

The District Court denied the motion on the sole ground that the landlord had waived his right to terminate the lease by accepting certain checks from the debtor. All the checks were stamped "debtor in possession"; all bore the notation that they were for a particular month's rent; and all were for the same amount—$1250. Check #1, dated November 29, 1962, had "For November Rent" typed on it; check #2, also dated November 29, had "For December Rent"; check #3, dated January 3, 1963, bore the words "Jan Rent"; check #4, dated January 29, 1963, read "Feb Rent"; and check #5, dated February 27, 1963, read "Mar Rent."

██ As a general rule, courts do not look kindly on lease forfeiture for filing a bankruptcy petition, but such forfeitures are nonetheless valid and enforceable. Finn v. Meigham, 325 U.S. 300, 301, 65 S.Ct. 1147, 89 L.Ed. 1624 (1945); Model Dairy Co. v. Foltis-Fischer, Inc., 67 F.2d 704, 706 (2 Cir. 1933). However, the forfeiture provision may be waived by the landlord, after he has learned of the lessee's breach, by conduct evidencing an intent to treat the lease as continuing rather than as terminated. See In re Wil-Low Cafeterias, 95 F.2d 306, 115 A.L.R. 1184 (2 Cir. 1938), cert. denied Wil-Low Cafeterias v. 650 Madison Avenue Corp., 304 U.S. 567, 58 S.Ct. 950, 82 L.Ed. 1533 (1938).

One of the circumstances most frequently used to infer an election to waive the benefits of a forfeiture clause is the acceptance of rent accruing after the lessee's breach. See Model Dairy Co. v. Foltis-Fischer, Inc., supra; Geraghty v. Kiamie Fifth Avenue Corp., 210 F.2d 95 (2 Cir. 1954); In re Wise Shoe Co., 26 F.Supp. 762 (S.D.N.Y.1938).

Yet payments made to the landlord by a debtor in possession cannot be rent before the court has given its permission to affirm the lease, In re Walker, 93 F.2d 281, 283 (2 Cir. 1937), and nothing in the record indicates that this lease has been affirmed with permission of the court. In order to prevail, the trustee must prove that the landlord accepted "as rent" the payments made to him by the debtor after the landlord had learned that the forfeiture provision of the lease had been breached. *Ibid.* We hold that the trustee has fallen far short of carrying that evidentiary burden.

An intention to waive the forfeiture clause cannot be gleaned from acceptance of the fourth and fifth checks, for they were accepted, pursuant to a stipulation with the debtor's attorneys, as payments for "use and occupation charges * * * without prejudice to the pending proceeding." The first and second checks, dated November 29, 1962, were received prior to the first actual notice that the landlord had of the filing of the bankruptcy petition; this notice came from the letter of the Creditor's Committee, dated December 3, 1962. An intention to waive the forfeiture clause may not be inferred from the payment of rent that had accrued before the filing of the petition or from the payment of rent before the landlord had actual notice of the filing of the petition. We cannot see how the District Court's finding of waiver can be predicated on charging the landlord with constructive notice of the petition from the time of its filing. Nor can we subscribe to the District Court's view that the stamp of "debtor in possession" on the face of the checks was sufficient to charge the landlord with actual notice of the filing of the petition. The landlord must be fully aware that his right to declare the lease forfeited has become operative before he can be said to have waived that right by acceptance of rent.

This leaves the acceptance of the third check as the sole basis of the District Court's finding of waiver. Mere delay in the exercise of the landlord's power to terminate is not a persuasive consideration without a showing that the landlord had abandoned his right. 415 Fifth Avenue Co. v. Finn, 146 F.2d 592 (2 Cir. 1944); Model Dairy Co. v. Foltis-Fischer, Inc., supra. We are unable to tell from the record when the check for January rent was cashed. The landlord claims that he orally asked the debtor to vacate both before and after receiving this check. This conduct, inconsistent with waiver, is not denied by the trustee; moreover, it tends to be confirmed by the debtor's letter of January 14, 1963, asking the landlord's patience and forbearance.

Thus, the only relevant evidence that the trustee has offered to prove a waiver is the acceptance of a single check with the notation "Jan Rent" without even showing when this check was accepted. This is far weaker evidence of an intent to waive the benefit of a forfeiture clause than appeared in In re Sound, Inc., 171 F.2d 253 (7 Cir. 1948), cert. denied Atwell Bldg. Corp. v. Sound, Inc., 336 U.S. 962, 69 S.Ct. 892, 93 L.Ed. 1114 (1948), the sole case relied on below. In the Sound, Inc. case, the landlord, after being apprised of the debtor's bankruptcy petition, billed the debtor "for rent in accordance with the terms of the lease" for two months and received "as rent for those months the payments tendered it by Sound, Inc." For the next seven months the landlord billed the debtor " 'for the use of the premises during the month' and * * * accepted the payments for these months as rent." In the instant case the landlord never billed the

tenant for rent, and the circumstances surrounding the acceptance of the January payment, though designated as rent on the face of the check, do not support the inference that the landlord accepted it as rent and intended to waive his right to terminate the lease.

Though we are loath to subject reorganization proceedings to disruption by permitting forfeiture of a lease, the landlord's contractual right cannot be disregarded without clear evidence that he intended to abandon it. Cf. In re Wil-low Cafeterias, supra, 95 F.2d at 309. Such evidence is lacking here. The decision of the District Court is reversed, and the case is remanded with instructions to grant the petition to compel vacation of the leased premises.

On Petition for Rehearing

PER CURIAM.

Since the petition for rehearing points up the fact that the abbreviated hearing below prevented both sides from introducing ample evidence on the issue of the landlord's intent to waive his right to declare the lease a forfeiture, we have decided to modify our opinion to remand the cause to the District Court for a full hearing on the landlord's petition rather than for entry of an order granting the landlord's petition. The last sentence of the first paragraph of the opinion is hereby modified to read:

> "We hold the finding of waiver clearly erroneous on the evidence before the court and reverse and remand for a full hearing on the landlord's petition."

The last sentence of the opinion is hereby modified to read:

> "The decision of the District Court is reversed, and the case is remanded with instructions to hold a full hearing on the petition to compel vacation of the leased premises."

The petition for rehearing is granted to the extent indicated, otherwise denied.