**B. J. M. REALTY CORPORATION,**
Petitioner-Appellant,

v.

**Joseph F. RUGGIERI, Trustee, Dilbert's Quality Supermarkets, Inc., Debtor,**
Appellees.

**Nos. 65, 177, Dockets 28961, 29158.**

United States Court of Appeals
Second Circuit.

Argued Oct. 14, 1964.

Decided Nov. 24, 1964.

Benjamin Masor, New York City, for petitioner-appellant.

Daniel A. Shirk, New York City (Joseph Jaspan, Brooklyn, N. Y. and Daniel Waxman, New York City, on the brief), for appellees.

Before WATERMAN, MOORE and SMITH, Circuit Judges.

SMITH, Circuit Judge.

This case is before the court on an appeal from an order of the United States District Court for the Eastern District of New York, Matthew T. Abruzzo, Judge, denying B. J. M. Realty Corpora-

tion's (Realty) motion for an order directing the debtor and the trustee in bankruptcy of Dilbert's Quality Supermarkets, Inc. (Dilbert) to vacate certain premises leased by Realty and to surrender possession to the landlord, Realty, and from an order affirming the lease along with a number of others. Realty's motion was based on a provision of the lease which would permit Realty to terminate the lease on five days' notice in the event that Dilbert filed a petition in bankruptcy or was adjudicated a bankrupt.

The controversy has been before the court before. In the initial proceeding before the District Court in 1963, the court denied the same motion on the ground that Realty, by accepting certain payments from the debtor, Dilbert, had waived its right under the lease to terminate the tenancy. This court reversed and remanded the case with instructions to grant the petition to compel vacation of the leased premises. However, upon petition for rehearing, this court modified its opinion to the extent of instructing the District Court to hold a full hearing on the petition. 326 F.2d 281. On the basis of additional evidence introduced by Dilbert, the District Court reaffirmed its original position in accordance, it believed, with the standards prescribed by this court.

Since this matter was last before this court, the following new facts have been introduced into evidence:

(1) On November 20, 1962 Realty deposited a check for the November rent with its bank which "bounced" and was returned to Realty on November 27. The drawee bank attached a notice reading: "Reason for return other than listed see slip." The slip bore the written notation, "File Chapter 11, Refer to Maker."

(2) The testimony of Realty's president indicated that he was conducting

negotiations for the rental of the property during late December.

(3) On December 4th or 5th, 1962, prior to the acceptance and deposit of the January rent, Realty received a notice from the referee in bankruptcy informing it that Dilbert had filed under Chapter XI. Realty also received the letter of the creditors' committee dated December 3, 1962.

Dilbert's principal contention, incorporated in the holding of the District Court, is that Realty had actual notice of Dilbert's bankruptcy on November 27, 1962, by virtue of the slip accompanying the dishonored check.

■■■■ The determination that the lessor had actual notice from the return to it of the $1250.00 check with the accompanying bank rejection slip indicating that the maker had filed under Chapter XI is certainly not clearly erroneous. A conclusion that the return of the rent check unpaid accompanied by a statement of the reason therefor would be seen and noted by the lessor's officers plainly accords with ordinary business practice. The acceptance thereafter of two checks marked as for "November Rent" and "December Rent" are some evidence that Realty intended at that time to permit the debtor to continue under the lease. We conclude that the deficiency in the evidence of waiver, noted in our opinion on the earlier appeal, has been supplied, and that the finding of waiver is now supported by substantial evidence. The lease has now been affirmed, and whatever technical label we give the tenancy between the date of filing the reorganization proceeding and the affirmance of the leases, the waiver of the bankruptcy forfeiture provision empowered the court in reorganization to recognize and affirm the lease as still in effect.[1] The orders denying the lessor's motion for possession and affirming the lease are affirmed.

1. See, e. g., Entin v. Stevens, 323 F.2d 894, 899–900 (8 Cir. 1963); Geraghty v. Kiamie Fifth Avenue Corp., 210 F.2d 95, 98–99 (2 Cir. 1954); Ten-Six Olive, Inc.

v. Curby, 208 F.2d 117, 123–124 (8 Cir. 1953); In re Sound, 171 F.2d 253, 254 (7 Cir. 1948).